## MARY E. PIERCE *v.* ORANGE BUTLER.

An allegation in a plea to the jurisdiction, in a bastardy case controlled by the overseer of the town of B., that the justice, before whom the primary proceedings were had, was the "lawfully appointed agent of the town of B., to prosecute and defend suits in which said town was interested," is insufficient, on demurrer, to bring the case within the provision of the statute, which prohibits a justice from taking "cognizance of any cause, or doing any judicial act, when he shall have been of counsel."

Nor does the allegation, that the justice was a "lawful inhabitant and citizen of said town of B.," import that he was liable to pay taxes, and therefore interested in the cause or matter before him.

*Quære*—Whether a justice, in a bastardy case, does not act *ministerially,* and not *judicially.*

THIS was a complaint for bastardy, preferred to Charles Adams, Esq., one of the justices of the peace for the county of Chittenden, by whom the defendant was required to recognize in the sum of $400, with surety, for his appearance, &c., before the county court.

In the county court the defendant appeared, and pleaded to the jurisdiction that "the said prosecution was commenced and managed, and is controlled and prosecuted by" the overseer of the poor for the town of Burlington, and for the benefit of said town, in the name of said Mary E. Pierce. And "that the said justice, Adams, before whom the said proceedings were had, and to whom the said complaint is and was directed, and the warrant made returnable, was, at the time of the exhibiting of the said complaint, and the issuing of the said warrant, and the ordering the said defendant to find bail for his appearance to this court, and the taking of said recognizance, and still is, the lawfully appointed agent of the said town of Burlington, to prosecute and defend suits in which the said town was interested, and a lawful inhabitant and citizen of said town of Burlington, which appears by the records remaining in the town clerk's office of said town."

To this plea there was a general demurrer, and joinder in demurrer. The demurrer was sustained, and the defendant excepted.

*C. D. Kasson* for defendant.

1. Rev. St., ch. 67, sec. 1, gives the justice power to administer

the oath to the woman and issue a warrant.   But, before a warrant issues, he is required, by section 2, to take a *recognizance*.   When the defendant is brought before him, the justice is required, by sect. 3, to take another *recognizance*, with *sufficient* sureties, in a *discretionary* sum between two sums, for his appearance at the county court.   Sec. 4 authorizes the justice, on default of bail, to *commit to prison*, and sec. 5, to return to the county court a true *record of his doings*.

Here, then, we have the capacity in which the justice acts, all implying *judgment*, *discretion*, and *judicial* conduct.   He is to take a recognizance,—his record binds the world.   He is to *decide* upon the *sufficiency* of the sureties, and, on his *decision*, he may *commit to prison*.   These are the highest evidence of judicial acts.

2.   Section 12 provides that when the "interests of such town" require it, the overseer of the poor may prosecute, and *the moneys shall go to the town*, &c.   The overseer is to indemnify for costs. There can be no doubt that this is an *official* indemnity, and binds the town.   And, until that is done, he shall not have his warrant, or powers.   See sec. 13.   It appears by the proceedings that the indemnity in this case was by way of *recognizance*, and we think,

3.   That this, and all the other proceedings, are *void*.   Sec. 10, c. 26, of the Rev. St. enacts that no justice shall do " any judicial act, when he shall have been *of counsel*, or shall be directly or *indirectly* interested in such cause, or matter."   The plea shows that he was the official agent of the town, to prosecute *all* suits in which *the town is interested*.   The proceedings and plea both show that the town was interested in this case.   The inference is that he was not derelict in his duty as counsel, or agent, for the town.

4.   It also appears he was a *tax payer* of the town, and so indirectly interested.

5.   The county court can only get jurisdiction of the case in the manner prescribed by statute.   The conditions required by statute have not been complied with in this case, if the justice had no power to act.

6.   As to the form of the plea.

1.   If it appear in the plea that the justice is *both* interested and counsel, whereby the plea is rendered *double*, still, if either is a good

Pierce *v.* Butler.

defence, the defendant must have judgment, as the demurrer is general, and duplicity can only be reached by special demurrer.

2. Although it is possible a motion to dismiss might have been good, still, as the plea contains traversable matter extraneous to the record, *it must be pleaded.*

*C. Adams* for plaintiff.

1. The objection that the justice was agent of the town, however it may go to his credit, has no bearing against his competency.

2. Though he may be a tax payer in the town, it is not a matter of course that the town may have any interest in a bastardy case. But, if the interest of the town were certain, it would be no objection. *State* v. *Batchelder,* 6 Vt. 479.

3. But the justice, in bastardy cases, acts ministerially, rather than judicially. He is the mere instrument to bring the party before the court for a trial.

The opinion of the court was delivered by

HEBARD, J. The questions in this case arise upon the sufficiency, or insufficiency, of the defendant's plea. There is a general demurrer to the plea, and we are, therefore, for the present purpose, to regard all the facts, therein alleged, as proved.

The plea, in substance, alleges that the overseer of the poor of Burlington is prosecuting for the town of Burlington, and that the justice, who issued the warrant, and took the recognizance, was the lawfully appointed agent of said town of Burlington, to prosecute and defend suits in which the said town was interested, and a lawful *inhabitant* and *citizen* of said town of Burlington.

The provisions of the statute are, that "No justice shall take cognizance of any cause, or take confession of any debt, or *do any judicial act,* when he shall be related within the fourth degree of affinity or consanguinity to either party in such matter, *or shall have been of counsel,* or shall be *directly or indirectly interested* in such cause or matter." Rev. St. c. 26, § 10.

The first question to be determined, if that became necessary, would be, whether the act which the justice had to perform was, in its character, "judicial." The justice receives the complaint of the

woman, and administers the oath, but exercises no discretion in doing so, and is not entrusted with the exercise of any discretion. He issues his warrant, and, when the respondent is brought before him, he takes a recognizance for his appearance at the county court; but these acts are as much a matter of form, and as ministerial in their character, as the signing a writ, and taking recognizance for costs of prosecution in any other case. And the law upon the point seems to be settled by the case of *Graham* v. *Todd,* 9 Vt. 166.

In prosecutions for bastardy, it is said that the justice is required to exercise some judgment in relation to the amount of the recognizance, and the sufficiency of the sureties that are offered. But the same may be said in any other case, in which a recognizance is to be taken. But, as we dispose of the case upon other grounds, it becomes unnecessary to decide this point.

If the duties, which the justice had to perform, were judicial in their character, then we are to inquire whether, within the intent and meaning of the law, the plea alleges that he had been " of counsel in the case."

Upon pleas in abatement courts do not usually put any forced construction, nor give any overstrained meaning to words, to favor the plea; and therefore we are not called upon, in trying a demurrer to such plea, to take *judicial notice* that the justice is a *counsellor* in fact, as a *postulate* from which to draw the conclusion that he had " been of counsel " in this case, when the plea alleges neither of those facts. The plea merely alleges that the justice was the lawfully appointed agent of the town of Burlington to prosecute and defend suits. But that does not imply that he exercised any of the duties appertaining to the office of counsellor in this case, nor that he acted, in this case, in the capacity of agent. Although it might be true that this is one of the class of cases that the town anticipated might arise, when making him their agent, still it would not follow that he ever acted in that capacity; and, without an allegation to that effect, we should not be at liberty so to regard it.

The other question grows out of the supposed interest that the justice has in the matter. If this prosecution was instituted and carried on at the expense of the town, and for their benefit, every

inhabitant of the town, who has a list in town upon which he is subject to the payment of taxes, is interested.    But, in the absence of any allegation to that effect in the plea, we shall not presume that the justice, because he is an inhabitant of the town, therefore is liable to pay taxes ; for there are various ways in which a " lawful citizen and inhabitant" of a town may be excused from the burthen of paying taxes.    By demurring to this plea the plaintiff has admitted the facts therein stated, and not those which are omitted ; and, there being in the plea, no allegation of interest on the part of the justice, we are not at liberty to infer the fact from what is there stated.

The judgment of the county court is affirmed.