Edgerton *v.* Barrett et al.

JACOB EDGERTON *v.* STEPHEN BARRETT AND JONATHAN C. DEXTER.

If a justice writ be directed, in the body of it, to an indifferent person, named, in the form of a deputation in a county court writ, stating the reason of such direction to be the want of a proper officer seasonably to be had, the person so named will not be authorized to serve such writ.

DEBT upon a jail bond, brought in the name of the sheriff of the county of Rutland. The writ was originally made returnable before a justice of the peace, and was directed, in the body of it, in these words,—"To any high baliff or constable in the state ; and whereas no legal officer can seasonably be had, therefore, to John F. Knight, Jr., of Rutland, an indifferent person, to serve and return,"—and the return of service upon the writ was signed by Knight. The defendants pleaded the following plea in abatement, properly entitled.

"And now the said Stephen Barrett and Jonathan C. Dexter
'come, by their attorney J. C. Dexter, and defend the wrong and
'injury when &c., and pray judgment of the plaintiff's said writ,
'that the same be abated and quashed, because the said defendants
'say, that the plaintiff's said writ was never at any time served on
'said defendants by any proper officer, or person, duly author-
'ized and empowered to serve the same, and no service was ever
'made of said writ upon said defendants, except the pretended ser-
'vice of said writ indorsed upon said writ and made by one John
'F. Knight, Jr., and subscribed by him; and the said defendants
'say, that the plaintiff's said writ was made returnable before and
'subscribed by Martin G. Everts, a justice of the peace in and for
'the county of Rutland, and the said Martin G. Everts, before whom
'said writ was made returnable, did not, at the time he subscribed
'and issued said writ, nor did he at any other time, deputize,
'authorize, or appoint John F. Knight, Jr., to serve and return said
'writ, by indorsing on said writ, under his official hand and signa-
'ture, that he authorized the said John F. Knight, Jr., to serve and
'return said writ. And the said defendants say, that the said John
'F. Knight, Jr., who pretended to serve said writ on the said de-
'fendants, by attaching the property of the said defendants and
'leaving copies of said writ at the last usual place of abode of said
'defendants, and making return of said writ to said Martin G.
'Everts, the said justice of the peace, was not, at the time he pre-
'tended to serve said writ upon the said defendants, nor has he ever

Edgerton *v.* Barrett et al.

' been at any time, a sheriff, or sheriff's deputy, or a high bailiff, or
' a high bailiff's deputy, or a constable, and the said John F. Knight,
' Jr., at the time he pretended to serve said writ, was not duly
' authorized, deputized, or impowered, by the authority signing said
' writ, or by any other competent authority, to serve said writ on
' said defendants and make return of the same; but, on the con-
' trary, the said John F. Knight was, at the time he made the said
' pretended service of said writ upon said defendants, and at all
' other times, was wholly destitute of authority to serve said writ on
' said defendants; and the said defendants aver and say, that they
' never accepted or agreed to accept service on said writ, and that
' the same was never served upon them by any officer whatever :
' All of which the defendants are ready to verify ; whereupon the
' said defendants pray judgment of said suit, and that the same may
' be abated, quashed, and held for nought, &c."

To this plea the plaintiff replied, that said writ was issued and
signed by and made returnable before Martin G. Everts, a justice
of the peace, and that it appeared to said justice, at the time he
signed the same, that no proper officer, legally authorized to serve
the same, could seasonably be had, and the said justice thereupon
directed the writ to John F. Knight, Jr., an indifferent person, to
serve the same, and the said Knight made service and return of said
writ, and verified the same by his oath, duly certified upon the writ.
The defendants rejoined, that it did not appear to said justice, at
the time he signed and issued said writ, or at any other time, that
said writ would fail of service for the want of a proper officer
to serve the same, and that it did not appear to said justice, that no
proper and legal officer could seasonably be had to serve said writ,
and that the said justice did not, at the time he signed and issued
said writ, or at any other time, deputize, authorize, or appoint, the
said Knight to serve and return said writ, under his hand and official
signature, and that the writ was not served upon the defendants by
any legal and proper officer, duly empowered and authorized by
law to serve said writ, nor by any person duly deputized and ap-
pointed to serve the same. To this rejoinder the plaintiff demurred.

The county court, September Term, 1847,—HALL, J., presid-
ing,—rendered judgment, that the writ abate. Exceptions by
plaintiff.

*Thrall* and *Smith*, for plaintiff, as to the formal defects in the
plea in abatement, cited *Pearson* v. *French*, 9 Vt. 349, *Crane* v.

*Warner*, 14 Vt. 40, and *Hill* v. *Powers*, 16 Vt. 516 ; and, as to the sufficiency of the special authorization to Knight to serve the writ, relied upon Rev. St. 180, § 7 ; 6 Vt. 51 ; 1 Bl. Com. 88 ; *Gage* v. *Currier*, 4 Pick. 399 ; 4 Bac. Ab., Statute D ; 22 Pick. 573 ; *Pond* v. *Negus*, 3 Mass. 230 ; *Kellogg* v. *Wadhams*, 9 Conn. 201 ; *Cooper* v. *Ingalls*, 5 Vt. 508 ; *Stewart* v. *Martin*, 16 Vt. 401 ; *Chadwick* v. *Divol*, 12 Vt. 503.

*J. C. Dexter*, for defendants, cited *Kelly* v. *Paris*, 10 Vt. 261 ; Rev. St. c. 26, § 22 ; Ib. c. 28, § 7 ; *Nye* v. *Liscombe*, 21 Pick. 263 ; *Guild* v. *Richardson*, 6 Pick. 364 ; *Simonds* v. *Parker*, 1 Met. 598 ; *Jacobs* v. *Mellen*, 14 Mass. 132 ; *Ames* v. *Winsor*, 19 Pick. 247 ; *Bullard* v. *Nantucket Bank*, 5 Mass. 99 ; *Hawkes* v. *Kennebeck*, 7 Mass. 461 ; *Hart* v. *Fitzgerald*, 2 Mass. 509 ; *Wood* v. *Ross*, 11 Mass. 271 ; *Cork* v. *Gibbs*, 3 Mass. 193 ; *Brown* v. *Seymour*, 1 Pick. 32 ; *Carlisle* v. *Weston*, 21 Pick. 535 ; *Tingley* v. *Bateman*, 10 Mass. 343.

The opinion of the court was delivered by

HALL, J.   We have felt ourselves in duty bound to look into the plea in abatement with all the astuteness in our power, in search of formal defects, that might overthrow it ; but, even with the aid of the very ingenious argument of the plaintiff's counsel, we have been unable to find any flaw in it.   In point of form we feel obliged to hold it to be invulnerable.

The question raised by the plea and replication is, whether a direction in the body of a justice writ to an indifferent person named, stating the reason of such direction to be the want of a proper officer seasonably to be had, in the form of a deputation in a county court writ, authorizes such person to serve the justice writ.   We are all agreed, that it does not ; that the mode of authorization, mentioned in the chapter of the Revised Statutes on process, was designed to apply exclusively to writs returnable to the county court ; and that the form given in the justice writ was intended as the only mode of deputing a person to serve a justice writ.

The authorization in a county court writ *is made* by inserting the direction in the body of the writ, and its insertion requires no new signature of the authority issuing it.   But the legislature, to guard

more fully against the inconsiderate and unnecessary use of deputed persons in the service of justice writs, have made provision, by which the attention of the justice must be distinctly called to the necessity for such a service, by a separate indorsement of the authority upon the writ, over another new official signature. For this reason a form of authorization, requiring such signature, is given; and we think it was intended, that it should be strictly, or at least substantially, followed. We believe the practical construction of the justice's act has been in conformity to these views; and the judgment of the county court is therefore affirmed.