HARRIET E. QUOW *v.* MICHAEL CONLIN.

*Bastardy. Abatement. Process.*

In a prosecution for bastardy the justice's warrant for the arrest of the respondent was served by an authorized person, to whom it was addressed as an indifferent person to serve and return, and it did not have indorsed upon it a deputation as required by statute. The respondent appeared before the justice, and, without making any objection to the form of service, became recognised to appear before the county court to answer the complaint. In the county court he pleaded in abatement that the person by whom the warrant was served was not legally authorized : *Held,* that this objection was made too late, and should have been first made before the justice..

PROSECUTION for bastardy. The warrant for the arrest of the respondent was signed by a justice of the peace, and was served by William B. Thrall, as an authorized person. The precept in the body of the warrant was as follows : " To any sheriff or constable in the State: and whereas no legal officer can seasonably be had, therefore to William B. Thrall, an indifferent person, to serve and return, Greeting." There was no deputation upon the back of the complaint.

. The record showed that the respondent appeared before the justice who signed the warrant, and that upon hearing, the magistrate ordered the respondent to enter into a recognizance with

sufficient surety in the sum of two hundred and fifty dollars, to the complainant, conditioned for his appearance at the next term of the county court to answer the complaint and abide the order of the court thereon; and that the respondent as principal, and Alanson Dyer as surety, became recognized in compliance with this order.

Upon the entry of the case in the county court, and not before, the respondent pleaded in abatement to the service of the warrant upon the ground that William B. Thrall was not legally authorized to serve the same.

The county court, at the September Term, 1858,—ALDIS, J., presiding, — decided *pro forma*, that Thrall was not legally authorized to serve the warrant, and adjudged that the proceedings thereon be quashed, to which the plaintiff excepted.

*R. R. Thrall*, for the plaintiff.

*Linsley & Prout*, for the defendant.

REDFIELD, Ch. J. It was held in *Edgerton* v. *Barrett*, 21 Vt. 196, that a justice process should not be addressed to an indifferent person for service, but that the deputation must be upon the back of the writ, as required by the statute. The present is a proceeding in bastardy, and the warrant was addressed to and served by an indifferent person, and no objection was made upon that account until the case came into the county court, where this is pleaded in abatement.

The question made was whether this is to be regarded as process returnable in the county court. If so, the form of the process was confessedly correct. But if not, we think this objection should have been taken when and where it was returnable, at the earliest opportunity. In one sense undoubtedly the process is to be regarded as returnable before the justice, and the objection might have been then taken, and if so, and overruled, might properly have been renewed in the county court. But as it was not, and, if it had been, might have been easily remedied, but the defendant entered into the recognizance without objecting to the regularity of the arrest, we think it ought, upon every principle,

to be regarded as a waiver of any irregularity on account of the warrant or service. When the recognizance was entered into, the office of the warrant seems to have been accomplished. And if it were not in proper form, or not in fact signed by the justice, even, or not legally served, we think the justice has authority to abate it and issue one in proper form, and that the plaintiff has the right to be informed of all formal defects, at this time, to enable her to remedy them with the least expense and delay.

Judgment reversed, and judgment that the plea in abatement is insufficient, and that the defendant answer over.    Case remanded.