*New-Haven,*
June,
1819.

BETTS *against* DIMON.

*June* 24.

The administration of the oath provided for poor imprisoned debtors, is a min-
    isterial, and not a judicial, act.
But if otherwise, the proceeding not being a "suit" or "prosecution," is not
    within the statute, *tit.* 6. *c.* 1. *s.* 6.; and the oath may lawfully be adminis-
    tered, by any justice of the peace within the county.

THIS was an action against the defendant, as sheriff of the
county of *Fairfield,* for the escape of one *Ebenezer Merrick.*

The cause was tried at *Fairfield, December* term 1818, be-
fore *Edmond, Smith* and *Gould,* Js.

*Merrick,* who was an inhabitant of *Huntington,* was commit-
ted, on an execution in favour of the plaintiff, an inhabitant of
*Reading,* to the gaol in *Fairfield.* Shortly afterwards, the poor
prisoner's oath was administered to him, by *Joseph Backus,*
Esq. a justice of the peace for the county of *Fairfield,* being
an inhabitant of *Stratford;* and he then departed from the
limits of the gaol, and was without those limits, at the time
of commencing the present action. The defendant knew,
that justice *Backus,* when he administered the oath, was not
an inhabitant of *Fairfield;* and that there then were justices
in *Fairfield,* and also in *Huntington* and *Reading,* who could
by law judge in the cause. On these facts the court decided,
that the defendant was not liable. The plaintiff moved for a
new trial; and the motion was reserved in the usual manner.

*N. Smith* and *J. Beach,* in support of the motion, contended,
1. That the administration of the poor prisoner's oath was a
*judicial* proceeding. There are litigating parties,—an *actor*
and a *reus.* Process, signed by a magistrate, issues, to call
the creditor in. It is served by an officer qualified to serve
process in civil actions. The justice must try the questions
of fact, whether the prisoner has, or has not, property to the
amount of seventeen dollars, and whether he has, or has not,
fraudulently disposed of his property, before he can adminis-
ter or refuse the oath; and for this purpose, he may cite wit-
nesses before him, and commit them for contempt. His de-
cision must be recorded; and the subject of it becomes *res ad-
judicata.* That record cannot be impeached collaterally: it
can be called in question, by *review* only. The fact that an
appeal lies, evinces the judicial character of the proceeding.

New-Haven,
June,
1819.

Betts
v.
Dimon.

The justice, who administers or refuses the oath to a poor prisoner, is, like other judges, shielded from civil liability to either party, for an erroneous decision.    What further characteristics of a judicial proceeding can be reasonably required?

2. That a justice of the peace cannot legally perform a judicial act, in a town in which, neither he, nor either of the parties, dwells.    1 *Stat. Conn. tit.* 6. *c.* 1. *s.* 6.    *Palmer* v. *Palmer*, 1 *Root*, 202.    *Scovil* v. *Smith*, 1 *Root*, 300.    *Allen* v. *Vening*, 1 *Root*, 313.    *Abby* v. *Cargel*, 1 *Root*, 403.

*Sherman* and *G. Tomlinson*, contra, contended, 1. That the administering of the oath was, of itself, clearly a *ministerial* act; and its being preceded by notice and an enquiry did not alter its character.    This case is not within the sixth section of the statute regulating civil actions, because the proceeding in question was not a " suit," or " prosecution."    There was no writ, and no duty; no complaint or declaration; no *ideo consideratum est ;* no taxation of costs; no execution.    In *Fox* v. *Hills*, 1 *Conn. Rep.* 295. the appointment of an appraiser of land taken in execution, was held not to be a judicial, but a ministerial act; yet the justice, who appoints such an appraiser, must enquire, and must exercise his judgment.    The same observation is applicable to the appointment of an overseer by select men; the taking of bonds to prosecute bail to the sheriff, &c.

2. That if the proceeding in question were conceded to be a suit or prosecution, and the act done, a judicial act; the case would not come within the prohibitory clause of the statute ; because the oath must necessarily have been administered at the gaol, and both the parties belonged to different towns.    It is rather within the spirit of the exception, where there is " no authority which may lawfully try the cause in either of said towns."

3. That the objection ought to have been made before the justice, on the hearing ; in which case, the opposite party might have shewn, that the case came within the exception of the statute.

4. That the proceeding being regular on the face of it, is a justification to the sheriff.    The judgment must be presumed to have been warranted by proof.

HOSMER, Ch. J.    The administration of the legal oath to

*New-Haven,*
June,
1819.

Betts
*v.*
Dimon.

a poor imprisoned debtor, is an act strictly ministerial. There is nothing in the mode of procedure, or in the nature of the power exercised, evincing it to be judicial. There is no plaintiff, who complains of an injury; no defendant, of whom satisfaction is demanded; no action or mode of redress, for an injury sustained. The enquiry, in its nature and extent, to ascertain the legality of administering the oath, is not at all distinguishable from that which is often necessary for the purpose of exercising a ministerial function. Every select man, before the appointment of an overseer, and every sherriff, previous to the taking of bail, makes enquiry, to aid him in the legal performance of his duty. The authorising *justices of the peace* to administer the oath prescribed to poor debtors, does in no respect indicate the nature of the power delegated. It is a mere *descriptio personarum,* and requires the same construction relative to the nature of the jurisdiction exercised, as if select men had been designated to the performance of the same duty.

If, however, it were admitted, that the justice acted *judicially,* it would not, in the minutest degree, vary the result. He is a county officer; and his powers are co-extensive with the county limits, except so far as they are circumscribed. Hence it is, that he may sign writs, and take the acknowledgment of deeds, throughout the county; but he may not take jurisdiction of suits, unless in certain excepted cases, beyond the confines of the town in which he resides; because his authority, in this particular, is restrained by statute, (*Tit.* 6. *c.* 1. *s.* 6.) *Quacunque via data,* the administration of the oath to *Merrick* was legal; and the determination of the superior court, correct.

In this opinion, PETERS, BRAINARD and BRISTOL, Js. concurred.

CHAPMAN, J. concurred also in the result; but declined expressing any opinion, whether the administration of the oath, by the justice, was a ministerial or a judicial act, considering a decision of that point to be unnecessary.

New trial not to be granted.