CHITTENDEN
*January,*
1830.

HEMAN ALLEN *vs.* WILLIAM EVERTS, WILLIAM ALLEN and MALACHI CORNING.

A collector's deed of land sold by him at vendue, having been lodged in the proper office in due season, but not recorded until several years after there had been an intermediate conveyance of the land by the proprietor, was held to be inoperative to defeat such intermediate purchaser.

This was an action of *ejectment* for city, or quarter acre lots,

nos. 124 and 125, in the town of *Burlington.* Plea, *general is-*
sue.

At the trial in the county court it appeared in evidence that one *Abraham Van Wyck* was the original proprietor of the lots in question, and that on the second day of March, 1797, he conveyed them to *Daniel Hurlburt.* The deed was recorded the 21st day of March, 1799. From *Hurlburt* there was a regular chain of title down to the plaintiff.

The defendants claimed the premises under *Thaddeus Tuttle,* and in order to derive a title from the original proprietor, they offered in evidence a deed from *Abraham Ives,* collector, dated Nov. 24, 1784, of an undivided 100 acres of the right of said *Van Wyck,* which included the land in question, to *Ira Allen,* duly acknowledged ; and on the back of which were endorsed these words, "Rec'd to Record, Nov. 27, 1784. *I. Allen,* Propt. Clerk ;" and also a certificate under the hand of the town clerk of *Burlington,* that said deed was received for record, January 14, 1823 ; and one dated February 23, 1827, stating that such deed had laid in said office twelve months, and was recorded. To the admission of which deed the plaintiff objected. But the court overruled the objection, and the deed was read ; but charged the jury that said deed, not having been recorded until 1827, could not affect the title acquired from the original proprietor by the deed to *Daniel Hurlburt,* in 1797. The jury returned a verdict for the plaintiff. The defendants excepted to the charge of the court, and removed the cause to the Supreme Court on a motion for a new trial.

*Bailey and Marsh, for the defendants.*—The leaving of the deed for record in the proprietor's clerk's office was sufficient and legal notice to the original proprietor and to the world. For this is the design and object of recording. The recording officer was not authorized to spread the deed at full length upon the records before the expiration of the year. There can be no doubt that a conveyance by *Van Wyck, during that period,* to a person who had not *actual* notice of the *Ives* sale and deed, *would not have avoided the latter deed*; and for this obvious reason, that lodging the *Ives* deed in the office of the proprietor's clerk was notice *in contemplation of law.* But if it was good legal notice then, why would it not be for two, five, or ten years afterwards ? The principle upon which the law holds the notice to be good in the one case is equally applicable to the other. Should a differ-

Chittenden
January,
1830.

Allen
vs.
Everts et al.
ent rule be established, should the court now decide that lodging a deed for record in a town or proprietor's clerk's office, and the endorsement thereon of such a minute as the one now in question, were not sufficient legal notice to subsequent purchasers, it is believed that the adoption of such a doctrine would overthrow the foundation, and defeat the title, on which a vast amount of real estate rests in this State. The whole purpose and object of recording deeds is notice, and that whatever in legal contemplation is sufficient to put a subsequent purchaser upon inquiry, will answer that purpose.—See *Jackson ex dem. Bonnell* vs. *Sharp*, 9 *Johns. Rep.* 163.—*Dudley* vs. *Sumner*, 5 *Mass.* 438.—*Marshall* vs. *Fisk*, 6 *Mass.* 24.—*Davis* vs. *Blunt*, do. 487.—*Wells* vs. *Pierce*, 4 do. 68.

*Allen, for the plaintiff, contended,* That the deed from *Ives* to *Allen*, not recorded till 1827, could not defeat the deed from *Van Wyck* to *Hurlburt*, made in 1797, and recorded in 1799 : this deed being intermediate.

The opinion of the Court was pronounced by

Paddock, J.—The plaintiff claims under a title derived from *Abraham Van Wyck*, the original grantee, who it appears executed a deed of the land in question to *Daniel Hurlburt*, on the 2d of March 1797, which was recorded in the town clerk's office in *Burlington*, on the 21st March, 1799. The title then passed to *Stephen Pearl*, from him to *John Pomeroy*, and thence to *Stephen Mix Mitchell*, and by his administrator was deeded to the plaintiff.

The defendants claim to hold by an adverse title, derived from a sale of the lands at vendue, by *Abraham Ives*, sheriff of the county of *Rutland*, to *Ira Allen*, on the 24th of November, 1784, to satisfy a tax of ten shillings on the hundred acres of land, granted by the legislature on the 21st October, 1783, (the county of *Rutland* then including the town of *Burlington*.) And we find in the proviso to the fourth section of the act, that " whenever any " lands of any proprietor or proprietors, or land owners, shall be thus " sold by virtue of this act, the collector of such tax or taxes " shall make, and give to the purchaser, a deed of warranty there- " of, signing said deed as collector of the respective tax on which " said land was sold. And if the said proprietor or proprietors, or " land owners, shall not within twelve months next after such deed " is lodged in the town clerk's office, or for want thereof, in the " county clerk's office, or proprietor's clerk's office, pay and sat- " isfy, or tender to such purchaser the purchase money, to-

"gether with all costs and charges, (including the expense of
"surveying such lands, if any be made,) or deposit the same in
"the office where the deed is lodged, and *twelve per cent.* in-
"terest thereon arising, in gold or silver, the same shall be recorded,
"and thereupon the title be confirmed to and in such purchaser,
"his heirs and assigns, to all intents and purposes forever."

CHITTENDEN
*January,*
1830.

Allen
*vs.*
Everts et al.

It appears from the deed, that it was lodged for record with *Ira Allen*, who styled himself *proprietor's clerk*, on the same day on which it was executed; and it is contended by the defendants, that although the deed was never recorded in the proprietor's clerk's office, nor any where else, until it appeared in the records in the town clerk's office in *Burlington*, in February, 1827; yet, being on file in the office of the proprietor's clerk, was sufficient notice to *Hurlburt* of the sale and conveyance from *Ives* to *Allen*, and, therefore, he could take nothing by his deed from *Van Wyck*. But the court cannot adopt this reasoning, or apply the principle that a subsequent purchaser shall be defeated by the grantee having a knowledge of a previous conveyance by his grantor. It is undoubtedly true, *Ira Allen* was not only the purchaser, but the proprietor's clerk; and having placed the deed on file within his office for record, it is not to be supposed that he would suffer a day to pass, after the year had expired, without spreading it upon the record, and thereby perfect his title. Not having done this, the presumption is strong, and almost irresistable, that the money was paid, and the land redeemed by *Van Wyck*, within the twelve months given by law for that purpose; and in the absence of all proof except what arises from the deed, we feel bound to adopt that conclusion, and say that the title was in *Van Wyck* at the time he deeded to *Hurlburt*. It follows then, that the subsequent recording of the deed in 1827, in the town clerk's office in *Burlington*, is inoperative, and that the judgment of the county court must be affirmed.

Judgment affirmed.

*H. Allen*, for plaintiff.
*Bailey* and *Marsh*, for defendants.