## GRAND ISLE COUNTY,

### January Term, 1836.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
     "   SAMUEL S. PHELPS, ⎫
     "   JACOB COLLAMER,   ⎬ *Assistant Justices.*
     "   ISAAC F. REDFIELD, ⎭

GRAND ISLE,
*January,*
1836.

## JANE GRAVES *vs.* JOHN ADAMS.

A complaint for bastardy must be in writing and be *signed* and sworn to ; but the complaint need not so to state.

The complaint states that J. G. complains that the defendant did beget a child on one J. G. which is likely to be born a bastard &c., and then praying process, the same not being signed, was held insufficient.

This was a prosecution for bastardy. The complaint was as follows :

"To Calvin Fletcher one of the justices of the peace in and for the county of Grand Isle comes Jane Graves, a single woman, and on oath complains, informs and gives said justice to understand that on or about the last days of May or the first of June 1834, at South Hero aforesaid did beget a child on the body of one Jane Graves of South Hero aforesaid which said child when born will, unless prevented by a prior marriage, be a bastard. Whereupon the Said Jane Graves prays that a warrant may go," &c.

At the county court the defendant filed a motion to quash the complaint, order, warrant and all the proceedings, assigning the following reasons :

1. That said justice Fletcher hath returned to this court a paper, purporting to be the original complaint, warrant, &c. when the copies should have been returned.

2. That at the time of the service of said warrant upon this defendant, and at the time this defendant appeared before said justice and was recognized, together with his bail for his appearance at this court, the said complaint was not signed by said Jane Graves,

GRAND ISSE,
January,
1836.

Graves
vs.
Adams.

but that the same was signed by her after the arrest of this defendant, and after the recognizance aforesaid was taken by said justice.

3. Because there is no minute of the time, day, month, and year when said complaint was exhibited to said justice, made upon said complaint and signed officially by said justice.

4. Because it does not appear that said Jane Graves ever subscribed any oath to the truth of the facts charged in said complaint.

5. Because it does not appear from said complaint that the Jane Graves who preferred said complaint to said justice was the same Jane Graves who is alleged to have been begotten with child.

6. It does not appear from said complaint that said Jane Graves was a single woman at the time she is alleged to have been gotten with child, but only that she was a single woman, when she made the complaint.

7. It does not appear from said complaint that said Jane Graves at the time of the exhibition thereof, was with child by said defendant nor, that she had previously been delivered of child.

8. Said complaint does not charge this defendant with having gotten the said Jane Graves with child and with being the father of said child.

The county court rendered judgment that said complaint and proceedings be quashed, it appearing that said complaint was not signed until after the arrest of the defendant and his entering his recognizance before the justice. To this decision of the county court exception was filed, and the case passed to this court.

*Argument for the defendant.*—This is a case of bastardy brought on the statute of Nov. 9, 1822, and unless that statute has been strictly complied with, the plaintiff can take none of the benefits and advantages given by it.

The statute makes it necessary that the complainant should be a single woman—and that such single woman must have been delivered of a bastard child, or must declare herself to be with child and that such child is likely to be born a bastard—and in either case such single woman must, in writing and on oath before any justice of the peace of the same county charge some person with having gotten her with child and being the father of such child.— See Rev. Stat. p. 366.

None of which requisitions are contained in the pretended complaint in question.

*Argument for the plaintiff.*—The proceedings in this case comes to this court in the form of exceptions to a motion to quash the

GRAND ISLE, proceedings on several grounds.   And it is presumed the court
January,
1836.    will not sustain the motion for irregularities merely formal, which
Graves   might have been the subject of amendment, or which do not effect
vs.
Adams.   the substantial merits of the complaint.   The magistrate is made
by the statute simply a ministerial officer ; when the woman in
writing and on oath, makes the charge, he must bind the person
charged to the county court or commit him ; and in short, he is
regarded only as the medium through which the matter in contro-
versy is conveyed to the tribunal appointed by law to adjudicate
it.   If the proceedings are defective in *allegations absolutely re-*
quisite to constitute a statutory ground of proceeding, they must of
course be quashed ; but if they contain all that is essential and
substantial, to quash them for informalities, for trifling defects &c.
would contravene the obvious policy of the law, and expose pro-
ceedings of this kind, in a majority of cases to be defeated, and
the party injured to commence *de novo*, at great expense and with
no benefit to any one.   As to the first objection the statute on which
the complaint is founded, no where recognizes that the magistrate
should send up the copies, instead of the original.   The nature of
the proceeding and the character in which he acts, seems to pre-
scribe *a priori*, the exhibition of the original to the county court.
Either course is well enough.

2. The fact on which this objection is founded is wholly gratu-
itous.   The complaint seems to have been signed and served on
the 8th October 1834.   The intendment at law is that the pro-
ceedings were regular, if they so appear.   Moreover, this was a
summary proceeding, and the complaint with the service &c., are
all presumed in law to be done at the same time ; the *punctum
temporis*, the precedence and subsequence of acts stated in rec-
ords and presumed to be contemporaneous cannot be enquired in-
to, because wholly immaterial.—3 Stark. Ev. 1043 and 1278.—1
Chit. Pl. 288–9.   And furthermore the statute no where requires
the complaint to be signed.

3. This objection is obviated by *Hall* vs. *Adams*, 1 Aik. R.
68, and the statutes there referred to.

4. The statute required plaintiff to " charge" defendant " in
writing" and this was done—but not subscribe any oath.   It requir-
ed her to take an oath, and the magistrate certifies that she did so,
in the usual form.

5. The plain language of the complaint, shows the identity of
the person which the objection denies, beyond the possibility of
cavil.

GRAND ISLE
January,
1836.

Graves
vs.
Adams.

6. The complaint alleges that Jane Graves " a single woman" complains &c. The allegation does not limit her single blessedness to the time of making the complaint, but is discriptive of her condition in this respect, generally, and at a previous time. It is the intendment of law then, that she was single when the mischief happened, and if the fact were otherwise, and could have had any influence on defendants liability, it was matter of evidence. Besides, the statute does not require her to allege—as the defendant does—that she was a single woman when seduced ; and the complaint follows the language of the statute exactly.

7 and 8. The complaint alleges that " on or about the last days of May 1834" defendant "did beget a child upon the body of Jane Graves" which said child when born will be a bastard &c., and the complaint was made October 8th 1834. It is difficult to see how the pregnancy and the author of it could have been more clearly averred. The omission to aver that the defendant was " the father" is immaterial, since both forms of expression used in the statute are precisely equivalent, and that employed in the complaint conveys the idea fully.

It may be remarked that the proceedings in those bastard cases are treated in all respects like a civil suit, except that the process may be forthwith, and do not require that technical nicety that is required in criminal proceedings. The forms of proceeding adopted by the magistrate in this case have been used in this state more than thirty years without objection.

The opinion of the court was delivered by

COLLAMER, J.—The statute provides " that when any single woman shall be delivered of any bastard child, or shall declare herself to be with child, and that such child is likely to be born a bastard ; and shall in either case, charge any person, in writing and on oath, before any justice of the peace of the same county, with having gotten her with child and being the father of such child, the said justice, on the application of such woman, shall issue his warrant," &c. It then goes on to provide that on the defendant's being brought before the justice he shall enter into a recognizance pear before the county court and answer to said complaint, or be committed.

In the argument of this case much has been said by one of the plaintiff's counsel on the ground that inasmuch as this motion to quash was not interposed before the justice, it is cured or waived. This proceeding before the justice is copied from the English

GRAND ISLE, statute, in which the justice performs merely the part of a ministe-
January, rial officer.   No proceedings are had before him in a judicial ca-
1836.
——— pacity.   He does not pass on the merits of the case.   The whole
Graves
vs. proceeding before the justice is a mere proceeding to get a case
Adams. before the county court; and therefore the whole must be there
subject to every objection for irregularity, as the defendant has nev-
er waived these objections by proceeding to the merits of the case.

The statute clearly requires that complaint shall be made in wri-
ting on oath by the woman who is with child or who has been de-
livered, and that it shall charge the defendant with having gotten her
with child and being the father of such child.   It is here insisted
that this complaint is not on oath.   It is true that the complainant
is not a competent certifying officer to the fact that she was sworn,
and therefore, what is said in the complaint on that subject is use-
less ; yet it does appear  by the justice's certificate that she was in
fact sworn to the complaint before the warrant issued, though the
certificate of this fact was not made until afterwards.

The complaint must be in writing.   This implies signing.   It is
not perhaps necessary it should be subscribed, but it must be signed,
that is, it must be under the hand of the complainant.   It must be
signed by herself, or by some person for her by her authority.   It
seems  this was never done until after the whole proceedings
before the justice were closed.   The woman must declare herself
to be with child and charge some person with having gotten her
with child and being the father of such child.   This must be done
in the complaint with certainty at least to a common intent.   In this
complaint the plaintiff comes, and calling herself a single woman
she complains not that she is with child, nor that the defendant has
gotten her with child, but she says that one John Adams did beget
a child on *one* Jane Graves, and then without alleging or suggesting
that she is the same person, or that the Jane Graves who has been
begotten with child had any connexion with this prosecution,  the
plaintiff apparently without any authority, prays  process to issue.
In all the forms of pleading when the complainant or plaintiff
uses the term *one* A. B. it implies some other third person, not
before mentioned.   It must be so taken unless otherwise explained
in the count ; which not being done here, the court must hold that
the plaintiff cannot complain for the grievance of another person.

Judgment affirmed,