# RUTLAND COUNTY.

## January Term, 1837.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
 "   STEPHEN ROYCE,
 "   SAMUEL S. PHELPS,
 "   JACOB COLLAMER,      } *Assistant Justices.*
 "   ISAAC F. REDFIELD,

## WILLIAM P. GRAHAM v. BILLY TODD.

Rutland,
January,
1837.

That a writ, returnable to the County Court, is signed by a justice of the peace, who is interested in the event of the suit, is no ground of abatement.

This was an action commenced to Rutland County Court. The writ of attachment was signed by Jonas Clark, justice of the peace for the county of Rutland. At the first term, the defendant filed a plea in abatement, alleging that said Clark was the real owner of the debt declared on, and so, interested in the event of the suit, at the time of signing said writ. To this there was a dermurrer. The County Court overruled said plea, and awarded a *respondeas ouster.* To which decision the defendant excepted. After final judgment in said suit, for the plaintiff, the case passed to the Supreme Court.

*Harris & Harmon, for the defendant.*

It is contended that a justice of the peace has no authority to take security, by way of recognizance, for the prosecution of a suit, if he be interested in the demand, which he seeks to recover, nor can he " teste" his own writ—the proceeding is *coram non judice,* and the recognizance void. *Kellogg, Ex parte,* 6 Vt. Rep. 509. 1 Blac. Com. 91.

There is a doctrine in point in the case of *Searsburgh Turnpike Co.* v. *Cutler*, 6 Vt. R. 321. It is there laid down that the true principle seems to be this, where the judge himself is interested, he is, in general, certainly incompetent to act as such.

At common law, magistrates have no authority to take a recognizance. Their power, in such case, is derived solely from the statute. *Hiecock* v. *Hiecock*, 1 Chip. Rep. 133. Magistrates can take nothing by implication. They are confined strictly to the authority given them. Sir Edward Coke, as well as Blackstone, observes, that particular jurisdictions, derogating from the general jurisdictions of the courts of common law, are ever taken strictly and cannot be extended further than the *express* letter of their privileges will warrant.

The case of *Bates* v. *the Administrators of Barber*, 2 Chip. R. 96, is in point. It there is decided that a justice of the peace has no authority to render judgment by confession, if he be interested in the demand, on which the judgment is rendered, because a debt of record is created—and a recognizance is defined to be an obligation of record, which a man enters into, before some court of record, or magistrate duly authorized. 2 Blac. Com. 341.

We contend that the taking of a recognizance is within the statute, which prohibits a justice from taking cognizance of any cause, where he is directly or indirectly interested in the cause or matter to be determined. Stat. of Vt. 131 Sec. 23.

The statute, p. 71 Section 44, provides that sufficient security shall be given to the defendant, &c. before issuing the writ, &c. The matter to be determined is, whether the security offered by the plaintiff is sufficient, of which he must take judicial cognizance, and must decide to his own satisfaction, and with disinterested discretion and judgment. This provision is positive and peremptory.

But when the justice is the legal party to the suit, and offers and accepts security for the defendant, he would most probably be satisfied, by returning to the court the nominal pledge of John Doe, and thus evade the statute.

The magistrate is the sole judge of the sufficiency of the security he takes, and his "*minute*" itself, is plenary proof and conclusive upon both the recognizor and recognizee. *Peck* v. *Smith*, 3 Vt. Rep. 265.

He should, in all cases, be divested of interest and bias, in

the exercise of his judicial power. It was observed by the court in the State of New York, in a case, where the justice was related to a party to the suit, that the impropriety and gross indecency of an exercise of his judicial power in the case, is alone sufficient to disqualify him to act as such.

It is said that the Clerk of our court may sign his own writs, &c. If this position be correct, it is because he is the constituted organ of the court, and acts under the eye of a court of record—but to grant this extraordinary power to about 2300 magistrates, seems to us to be unnecessary, impolitic, and would tend to corrupt the purity of justice.

*J. Clark, for the plaintiff.*

1. By the statute, every writ or process, returnable to the County Court, must be signed by a judge or clerk of the same court, or by a justice of the peace of the same county. The same powers are given to a justice, in this respect, within his county, as are given to a judge or clerk of the county court.

And as to this, there are no exceptions, either as to interest in the magistrate, or relationship by affinity, or consanguinity, to either party. It is a mere ministerial act, to bring the defendant into court, to have the cause tried—not by him, who signed the writ—but by a disinterested tribunal.

2. A judge or clerk of the County Court may sign officially his own writ, returnable to the County Court. The clerk may make up the record of a judgment in his own favor, issue and sign the execution, and, if extended on real estate, record the same and the officer's return. It is a common practice for an attorney, who is a justice, to sign County Court writs, by him issued, and to take a recognizance for costs, and, at the same time, to agree to indemnify the person recognized. This would make the magistrate interested in the event of the suit, but no one ever supposed it would abate the process.

3. But a remote interest in the magistrate is no legal objection to his even trying the cause. *State* v. *Bacheldor*, 6 Vt. Rep. 479, and the cases there cited.

4. A judge may issue an execution in certain cases. Statute, p. 110.

The opinion of the Court was delivered by

COLLAMER, J.—The statute provides, " that the ordinary " mode of process, in civil causes, in the several county courts, " and supreme court of judicature, within this State, shall be

Rutland,
January,
1837.

Graham
v.
Todd,

" by writ of summons or attachment, and according to the form " prescribed by law. And every such writ or other process, re- " turnable to any county court, within this State, shall be signed " by a judge or clerk of the county court, in which the " cause is to be tried, or a justice of the peace of the same coun- " ty. To this provision there are no *express* exceptions what- ever.

It is, however, insisted that a justice, who is in interest, can- not sign the writ, because the act defining the power of jus- tices, in the 23d Section, provides that no one, " who shall be directly or indirectly interested"—" shall take cognizance of any cause." Most obviously, however, the issuing of process, re- turnable to another court, is not *taking cognizance of the cause.* That statute relates entirely to trying causes and ren- dering judgments, including confession judgments.

It is next insisted that this statute, which permits any justice of the county to sign the writ, must be taken with exceptions, though none are expressed, of which the present should be one, because the signing of a writ of attachment includes taking a recognizance to the defendant to secure costs, which is a *judicial act*, and which one cannot exercise in his own behalf. He un- doubtedly may do it by express law. If the writ were a sum- mons, originally, no recognizance was necessary, and the statute expressly gives the same power to sign an attachment as a sum- mons. And when the law *recently* provided for a recognizance in the case of summons, it did not change the power of signa- ture. If the signing justice were interested with the defendant, he could never have an interest to enter an improper or fictitious recognizance. If interested with the plaintiff, he would be bound to contribute to the defendant's costs, and to indemnify the bail. The legislature could, therefore, grant the exercise of this pow- er to such a justice without hazard of abuse.

The principal argument, addressed to us, is based on the *effects and consequences.* It is insisted, that to permit the justice to sign an attachment, and take a recognizance, where he is in in- terest, would enable him, and that he would be interested to do so, to enter such recognizance *falsely.* This can hardly be supposed, as already shown. But in considering *consequences,* let us con- sider some of the effects, and consequences, and practical incon- veniences of adopting the exception insisted on by the defen- dant. Pleas in abatement would be filed, and trials thereon

Rutland,
January,
1837.

Graham
v.
Todd.

would be had for many supposed interests, which the signing magistrate might be supposed to have. For *any pecuniary* interest, however remote, would be fatal. It would prevent the clerk from signing his own writs; for his taking a recognizance, in such case, is not the act of the court. By the present law, a justice may sign a writ, returnable to the county court, to be served in any county in the State. Blank signatures may be, and are, extensively used, and the plaintiffs and their attorneys cannot know all the possible interests in relation to the demand, which the justices may have contracted, and if the signing magistrate's or clerk's blank signature happened to be used, when they had some such covert interest, or were members of the town, bank, or other corporation, which was a party, a *plea in abatement* could and would be interposed. When consequences, so inconvenient on the one side, are met by little or none on the other, we should be slow to adopt the exception claimed by the defendant.

It is a general rule of construction, that where exceptions are *expressed* in a statute, none others can be *implied*. It is observable, that in many cases, where power is granted to justices by our statute, it is expressly forbidden to be exercised by those in interest ; as in trial of cases ; also, where another justice is called to continue a cause in the absence of a sitting justice ; also, in the case of appointing appraisers of land on execution. In this case of signing writs, the legislature has expressed no such exceptions, nor is the court convinced they *intended* so to do, nor do we feel either authorized or inclined to engraft such an exception upon the statute.

Judgment Affirmed.