WILSON v. TRAER & CO.

</div>

1. Acknowledgment: PARTY INTERESTED. An acknowledgment of an instrument taken and certified by a person interested in it as grantee, should not be admitted to record; and a record thereof would not operate as constructive notice to a subsequent purchaser.

| 20 | 231 |
|---|---|
| 100 | 610 |
| 20 | 231 |
| 113 | 217 |
| 20 | 231 |
| f116 | 580 |
| 20 | 231 |
| 121 | 751 |
| 20 | 231 |
| 137 | 9 |

<div align="center">

*Appeal from Benton District Court.*

WEDNESDAY, APRIL 11.

</div>

ACTION of replevin for a mare of the value of one hundred and twenty dollars. There was an agreed statement of facts, in substance, that the mare in controversy was

mortgaged by the owner, while in possession thereof, to the defendants, to secure a *bona fide* debt, still unpaid; that said mortgage was acknowledged in due form, before J. W. Traer, a notary public, who was and still is a member of the firm of J. W. Traer & Co. (plaintiffs) and interested, as such partner, in the mortgage; that the mortgage was recorded in the recorder's office of the proper county; that after the execution and recording of the mortgage, the mortgagor, for a valuable consideration, sold and delivered the mare to a third person, and he to a fourth, from whom the plaintiff purchased her, in good faith, and for a full consideration, paid without any actual notice of the mortgage. The defendants, under a power of sale contained in the mortgage, seized and took the mare from plaintiff for the purpose of foreclosing their mortgage, and thereupon the plaintiff brought this action of replevin, and under the writ the property was delivered to him.

The cause was tried to the court, and upon the fact as agreed, judgment was rendered for the plaintiffs. Motion for a new trial having been made and overruled, the defendants appeal.

*J. C. Traer* and *C. H. Conklin*, for the appellant.

The chattel mortgage under which defendant claims to hold the property was, so far as the record showed, duly acknowledged. The certificate of acknowledgment met every requirement of the statute. *Dussaume et al.* v. *Burnet et. al.*, 5 Iowa, 95; *Crawford* v. *Burton*, 6 Id., 476; *Mc-Gavran* v. *Haupt*, 983; *Bell* v. *Evans et al.*, 10 Id., 353; Rev., 1860, § 2201; *Lynch et al.* v. *Livingston*, 6 N. Y., 422.

*Shane & McCartney* for the appellee.

Appellee insists that a grantee of a mortgage, or a party directly interested in the grant, cannot, as an officer, take the acknowledgment of the instrument; and if he does, that such acknowledgment is *void*, and the record thereof is not constructive notice to innocent purchasers without notice. *Beaman* v. *Whitney*, 7 Shep., 413; *Wethers* v. *Bond*, 7 Watts, 227; *Davis* v. *Mullen*, 3 Shep., 418; *Dussaume et al.* v. *Burnett et al.*, 5 Iowa, 95–103.

COLE, J. — There is but one question for us to determine in this case, and that is, whether an acknowledgment of an instrument taken and certified by a person interested in it as grantee, is so far legal or valid as to make a record of such instrument notice of the right of the grantees therein.

1. ACKNOW-
LEDGMENT:
party
interested.

It might with some show of reason be claimed, that since the acknowledgment is regular in form, and identity of the grantee with the officers taking it, being always a matter to be shown *aliunde*, or sometimes, as in this case, not being even indirectly indicated upon the instrument itself, the better rule would be, to hold the record as regular, and imparting notice and leave to third parties the right to avoid both the record and instrument, by showing fraud in fact, if any existed.

But a more critical examination of the question will show that such a rule would leave a broad door open to the perpetration of frauds, and tend greatly to unsettle the verity of our public records and defeat the purposes of our registration laws. It is always within the power of parties to secure a disinterested officer to take the acknowledgment, and it is certainly no hardship to require them to do so. There is no reason why the fundamental rule, which prohibits a person from being a judge in his own case, or an executive officer in his own behalf, should not apply to this class of executive semi-judicial duties. To hold that

a party beneficially interested in an instrument is incapable of taking or certifying an acknowledgment of it cannot work any possible injury to any one, while it will keep closed a door of temptation, at least, to fraud and oppression.

This question has undergone judicial investigation in other States, and we refer to some of the cases with the remark that we have found no conflict of authorities. It was held in *Beaman* v. *Whitney et al.*, 20 Maine (7 Shepley), 413, that if the acknowledgment of a deed be taken by a grantee, and certified by him as a magistrate, it is but a void acknowledgment, leaving the deed operative between the parties. And in *Withers* v. *Baird*, 7 Watts, 227, Baird had sold, and agreed to have conveyed to Withers, a tract of land, the title to a part of which was in one Baxter; and it was agreed, between the parties, that Baxter should convey direct to Withers the part so held by him, in satisfaction to that extent of Baird's agreement. The conveyance was accordingly made, and the acknowledgment of both Baxter and his wife was taken and certified by Baird, who was a magistrate. The controversy was as to the sufficiency of such acknowledgment as against the wife, and the court, per GIBSON, J., says: "The acknowledgment was palpably insufficient to bar the dower of Baxter's wife. The office of a magistrate, in respect to a private examination, is a judicial and a delicate one. Intrusted with the business of inspecting the wife's knowledge and will, he should be superior to all exception on the score of impartiality. When he is bound to procure her concurrence, his inducement to abuse his trust is as strong as if the conveyance were made to himself; and it would not be pretended that his judicial functions could be exercised in his own case." * * * * The acknowledgment was held void, although the officer taking it was not a party to or directly interested in the instrument itself, and what the

very learned judge then supposed "would not be pretended" is in this case claimed by appellant's counsel to be sound law. In *Goodhue et al.* v. *Berrien*, 2 Sandf. Ch., 630, it was held that where a witness, sworn by a commissioner of deeds to identify the grantor in a conveyance on the latter's appearing to acknowledge the execution of such convey-ance, is the grantee therein, or otherwise interested in sus-taining its execution; the certificate of the officer of its due acknowledgment furnishes no proof of its execution.

The relationship, even ·in a remote degree of a judge to one of the parties to a cause, will disqualify or render him incompetent to sit or act in that cause. *Oakley* v. *Aspinwall*, 3 Comst., 547. But mere relationship to the parties will not disqualify or incapacitate an officer from taking and certifying an acknowledgment to a conveyance. *Lynch* v. *Livingston*, 2 Seld., 422. It is the interest directly or indirectly or contin-gent in the conveyance itself or its subject matter which disqualifies from taking the acknowledgment. The case of *Dussaume et al.* v. *Bennett et al.*, 5 Iowa, 95–103, was where the owner of an undivided interest took and certi-fied an acknowledgment to a conveyance by the owner of another undivided interest in the same property; he had no interest, direct or contingent in the conveyance.

We conclude, therefore, that as the officer who took and certified the acknowledgment to the mortgage was a party to it, and had a direct interest in it, that such acknowledg-ment was void, and did not authorize the record of the instrument, and, as a consequence, such record did not impart any notice to third persons of the mortgagee's right under it, but, as between the parties to it, the mortgage is in full force and of binding efficacy.

Affirmed.