Caldwell, J.
Tbe plaintiff in error was charged in the police court, under the Dow law, with keeping his place where he sold liquors during week days, open on Sunday with intent to sell. He was tried, convicted and sentenced in the police court, and thereupon he prosecuted error in the court of common pleas, wherein he averred there was error,
1. In that the warrant for his arrest was not issued by the acting judge, but was issued by the clerk of the court, and that section 1804, authorizing the clerk to issue the warrant, is unconstitutional.
*264 2. That the court erred in permitting jurors drawn in another case to sit in his case, against his pbjection, after he had requested that he might be present and witness the drawing of the jury by which he was to be tried, and that seven of the persons composing the jury that tried him were placed on the jury without his being permitted to see their names drawn from the box or wheel.
3. That the judge of said court erred in ruling and holding in said case that he was a judge duly appointed and qualified to sit in the trial of said cause, and that the statute under which he was appointed is constitutional.
4. That the court erred in its charge to the jury, wherein it defined to the jury what is meant by “reasonable doubt, and also as to what is meant by defendant keeping his place of business open.
The court of common pleas found no error in said case, affirmed the judgment, and remanded . the cause. Now the • plaintiff in error prosecutes error to this court, wherein he claims said court of common pleas erred in its ruling in said case. This makes it necessary to decide the law involved in the foregoing allegations of error.
1. Is section 1804, Rev. Stat. 1880, unconstitutional? That section gives power to the clerk of the police court, when an affidavit is filed with him charging any person with the commission of air offense, to issue a warant under the seal of the court for the arrest of the accused. It is claimed this violates the'Fourth Amendment of the Constitution of the U. S., and also section 4, article 1, of the Constitution of Ohio. They provide that warrants shall issue only upon probable cause, and it is contended that determining “ probable cause ” is a judicial act, and not a ministerial act, and hence it is unconstitutional to devolve that duty upon a ministerial officer. This claim cannot be sustained, because issuing a warrant in a case like this is a ministerial act. 22 Ohio St. 317 ; The State ex rel., etc., v. Burgoyne, 7 Ohio St. 153; Duncker v. Salomon, 21 Wis. 621.
*265 An act is none the less ministerial, because the person performing it may have to satisfy himself of certain facts before his duty can be performed. Ray v. City of Jeffersonville, 90 Ind. 572; 17 Ind. 169; 3 Conn. 107; 12 Conn. 463.
2. Did the court err in permitting seven jurors to sit in the case who had been theretofore drawn to sit in another ease? By the court ruling that these seven jurors were competent to sit in the case, the plaintiff in error was deprived of being present when their names were drawn.
Section 1798 provides that the jurors of the police court shall be selected, summoned and impaneled in accordance with an ordinance of the council, or if no such ordinance is in force, in accordance with a rule of the court. Section 733 of the city ordinances provides, that whenever the clerk shall be directed by the court to cause to be summoned any number of persons as jurors in said court, he shall at once, in the presence of the judge and an officer of the force, not lower in rank than lieutenant, and in the presence of such person interested in the cause for which the jury is drawn, as may desire to be present, proceed to turn the wheel until the pieces of paper are thoroughly mixed, and he shall then, in the presence of said persons, draw from said wheel, one by one, the number of names specified in the order etc.
Section 735 provides, that jurors thus drawn etc., for the trial of any cause, may be required to serve as jurors in the trial of any other cause during the term at which they are summoned etc.
The meaning of these sections is clear. The court may have, when a case is to be tried, jurors, six, seven, or any number less than a full jury, who have been drawn according to section 733 ; he may then have drawn for that cause^ any number of names to complete a jury, and a party interested would- be entitled to be present at the drawing of those names, but by section 735 it appears that he is not expected to be present when the jurors were drawn who were at the service of the court when jurors are drawn to complete the *266 jury for his case. There was then no error in the procuring of the jury.
3. We see no error in the charge of the court. The phrase “reasonable doubt,” as defined by the court, was not in the pbraseology of the books, but was clear, and was as. favorable to the plaintiff in error as the definition given generally by the courts.
The charge as to what is a closing of his place of business is the same in substance as that recently approved by the Supreme Court of Ohio.
4. The question most urged as error on the hearing of this case is the one as to the constitutionality of the appointment of the judge before whom the case was tried in the police court.
Section 1802 Rev. Stat., is as follows : “During the absence inability or disability of the judge, the mayor may hold the court, or he may select for the purpose a reputable member of the bar, or a justice of the peace residing within the city, who'shall have the jurisdiction and powers conferred upon judges of police courts, be styled acting police judge, and, as such, sign all process and records during the time he shall serve, and perform all other acts pertaining to the office ” etc. Under this law the mayor of the city appointed C. W. Coates, Esq., to hold the court, and as he was proceeding to hear this case, the question was in various ways raised for his decision as to whether he was a judge; as to whether he had any jurisdiction as a judge to try or sentence the accused. It is now urged that the court of common pleas erred in sustaining the holdings of C. W. Coates, Esq. that he was the lawfully “acting police judge,” and had jurisdiction to preside as such at said trial; and it is urged that said statute is contrary to sections 10 and 13 of article 4 of the constitution of Ohio. The court of common pleas held that the provisions of the constitution have no application to casual, temporary absences and appointments to serve only a short time as judge. This may be, as it has been urged, a very poor rea *267 son for holding that C. W. Coates, Esq., was qualified to sit as a judge in said case. Yet, if the conclusion is right, we should sustain it, even if the court below gave a very poor and erroneous reason for his conclusion. In Ex parte Strang, 21 Ohio St. 610, the Supreme Court had this same statute under consideration. It held : “ The acts of an officer defacto, when questioned collaterally, are as binding as those, of an officer de jure.” Mr. Coates was a judge defacto according to this decision of the Supreme Court. If his right to sit as judge has been questioned collaterally, then an attempt was ■ made to raise a question that could not be thus raised. In the ease in the 21st Ohio St. 610, the question arose by way of petition in a proceeding in habeas corpus setting up that the judge who tried the cause and rendered the judgment in the original proceedings, was no judge. Here, then, the attack upon the judge was not in a case being tried before him, but in a case which attacked the judgment of a case tried by him.
In the case before the court the question is raised in the original proceedings. It is claimed the attack in the former case was collateral, while in the latter the attack is original or direct, and not collateral. In Ex parte Strang, the court’s opinion says, pages 615 and 616 : “ If the acting judge, as he is styled, was a judge defacto, his judgments would be as unquestionable, in the. collateral proceeding of habeas corpus, as if he were a judge de jure.”
Again, on page 618, where the court is assigning reasons why the decree is not void even if it is admitted that the judge was not legally appointed, is this language : “ No objections were made to his authority at the time the decree was made.” Again, on page 619, the opinion refers to 14Wis. 164, and to 17 Wis. 521, with approval, while the former was a proceeding in quo warranto, wherein an acting judge was held to be no judge, and in the latter case the authority of the judge was drawn in question, eollateraly, in a proceeding in habeas corpus, and he *268 was held to be a judge de facia, and as to whether he was a judge de jure could not be tried in a collateral proceeding. From ¡this it is urged that the Supreme Court has said, or at least it may be inferred from what the court has said, that the . authority of the judge may be put in issue as it is attempted to be done in this case. We do not think the court in the case . in the 21st Ohio St. undertook to define in what kind of a case or issue the character of the officer may be tried any farther than to say it could not be done collaterally. Every issue raising the question is collateral unless the officer himself is 'in some way a party to the action. It must as a general rule be tried in an action of quo warranto against the officer. If the officer should sue for his salary, or services, the question might be raised by answer. Meacham on Public Officers, sec. 330 ; 17 Conn. 585; s. c., 44 Am. Dec. 574; 41 Mich. 499; 22 Mich. 439; 28 Ind. 181; 12 Ohio 16; 17 Ohio, 143; 35 Ohio St. 324; 15 Ohio St. 225-250; 12 Ohio St. 248 ; 29 Pa. St. 129-137 ; 24 Wend. 520; 122 Mass. 445; 86 Ill. 283; 38 Conn. 449.
There is no authority to the contrary that we have seen. ' This being the law then, it follows that this was not a case in which the question could be tried; for instead of Esq. Coates ■ being a party to this action, he was the judge before whom it ■was proposed to try the question as to whether or not he was a judge. The case then is the same as Ex parte Strang, and must be disposed of the same way. The judgment is af- . firmed.
Baldwin, J.:
“ I join in the opinion just delivered, but wish to say that I acquiesce on the decided weight of authority,. and not on ■ the weight of reason, in so much of it as decides that a defendant in a criminal ease, who objects at the outset and all the time, may not then and on error have the right to be heard i- upon the claim that the person acting as judge in trying him, has no right at all to sit upon the trial, because the statute under *269 which he acts and his appointment theréunder is contrary to ■the express words of the constitution, and is void.
Hessenmueller & JBemis, for plaintiff in error.
T. K. Dissette, for defendant in error.
“ Chief Justice Upson asks me to say that he joins me in this statement.”