## Rita M. Coolbeth *v.* Earl Gove.

January Term, 1937.

Present: Powers, C. J., Slack, Moulton and Sherburne, JJ., and Sturtevant, Supr. J.

Opinion filed February 2, 1937.

500

*Raymond L. Miles* and *Maxwell L. Baton* for the plaintiff.

*Guy M. Page, A. Pearley Feen, Louis Lisman* and *John Deschenes* for the defendant.

POWERS, C. J. The plaintiff, being pregnant, brought bastardy proceedings against the defendant before L. G. Peabody, a duly elected and qualified justice of the peace within and for the County of Orleans. She signed and made oath to her complaint before said justice at Burlington, in the County of Chittenden, on August 4, 1936. Maxwell L. Baton appeared before said justice at Burlington and became bail for costs. The justice then and there issued a warrant returnable before himself at Newport, in the County of Orleans. The defendant was arrested and brought before Justice Peabody at Newport, and such proceedings were there had that, upon consideration, the defendant was ordered to enter into a recognizance in the sum of $1,000,

conditioned that he would appear before the county court at its next stated term to answer to said complaint and abide the order of said court. This order was promptly complied with.

When the case reached the county court, the defendant appeared by attorney, filed a plea in abatement and a motion to dismiss, both of which were predicated upon the ground that the process was void because of the acts that the justice performed in Chittenden County. The court sustained this contention and adjudged that the complaint be quashed and the suit abated. The plaintiff excepted.

The acts relied upon by the defendant were three in number as follows: 1. Administering the oath verifying the complaint; 2. Taking the recognizance for costs; 3. Issuing the warrant for the defendant's arrest.

The plaintiff insists that all these acts are ministerial and not judicial, and that a justice of the peace may lawfully perform them outside the county of his commission.

■ That a justice of the peace cannot perform judicial acts while outside the county for which he is commissioned sufficiently appears from *Whitcomb's Admr.* v. *Cook*, 38 Vt. 477, 484, and by *Anderson* v. *Souliere*, 103 Vt. 10, 151 Atl. 509. That he may perform ministerial acts outside such county appears by implication from the Whitcomb case, and from *Lynde* v. *County of Winnebago*, 6 Wall. (U. S.) 6, 21 L. ed. 272.

■ That the administration of an oath is a ministerial act is well established. *Betts* v. *Dimon*, 3 Conn. 107; *Lamagdaline* v. *Tremblay*, 162 Mass. 339, 39 N. E. 38; *Fair* v. *Citizens' State Bank*, 70 Kan. 612, 79 Pac. 144, 67 L. R. A. 851, 853; *In re Golding*, 57 N. H. 146, 24 A. R. 66, 68; *Humphries* v. *McCraw*, 5 Ark. 61, 64; Bac. Abr. Justices of the Peace, E. 5; Hawk., P. C. 48, 49.

■ The taking of a recognizance for costs not being a coercive act, but purely voluntary on the part of the one entering into it, is ministerial in character, and a justice could, at common law, take it outside his own county. *Learned* v. *Riley*, 14 Allen (Mass.) 109, 110; Bac. Abr. *supra;* 2 Hawk., *supra.*

It is said in *Graves* v. *Adams*, 8 Vt. 130, that all the acts of the justice in these cases are ministerial, but in *Graham* v. *Todd*, 9 Vt. 166, which was a case involving the right of a justice of the peace to sign a writ where he really owned the debt sued on, the plaintiff argued that the act of the justice was ministerial,

merely, to bring the defendant into court to have the cause tried by a disinterested tribunal. The court sustained this contention. And, the point being made by the defendant that the taking of a recognizance for costs was a judicial act, which one could not exercise in his own behalf, the court held that the then recent act providing for a recognizance did not change the power of signature.

The court referred to the practical convenience of having blanks signed in advance, then as now extensively used, and proceeded to affirm the judgment overruling the plea in abatement.

Again in *Vermont Mutual Fire Insurance Co.* v. *Cummings*, 11 Vt. 503, the defendant filed a plea in abatement that the writ was signed, and the recognizance taken, by the clerk who was a member of the plaintiff corporation, and so was interested in the result of the suit. The plaintiff demurred. The demurrer was sustained and the defendant excepted. In affirming this judgment the court, speaking by Redfield, J., said: "It has been long settled by reported decisions, acquiesced in in the subordinate tribunals of the state, and by a constant practice since the organization of our courts, that the clerk may sign even his own writs. The question now before the court was virtually decided in *Graham* v. *Todd*, 9 Vt. 166."

■ It is apparent that these decisions cover the acts of the magistrate in signing the process and taking the recognizance for costs. It is equally apparent that it must have been held that these acts were not judicial, for if they were, the judgments would have been for the defendants.

In full harmony with these cases is the statement of the court in *Banister* v. *Wakeman*, 64 Vt. 203, 210, 23 Atl. 585, 587, 15 L. R. A. 201, where Judge Thompson says: "The issuing of mesne and final process in civil cases, and of a mittimus of this kind in criminal proceedings is a ministerial act."

■ ■ The defendant relies upon *Williams* v. *State*, 29 Ala. 9, 12, 13, as authority for his claim that the justice acted judicially in all his acts at Burlington. But the case is not applicable here. It holds that bastardy cases in Alabama are to be commenced before a justice, and that such magistrate has no authority to issue a warrant until he determines the existence of the preliminary facts upon which the proceedings are based, and that he may inquire outside the complaint for that purpose. But that is impossible under our statute. P. L. 3174 provides that

when the written complaint is signed, sworn to and filed with the justice, "such magistrate shall * * * issue his warrant." He has no choice in the matter. No discretion is allowed him. He has nothing to do but obey the mandate of the statute. His duty to issue the warrant is wholly ministerial.

Then, too, the matter of waiver stands in the defendant's way here. A plea to the jurisdiction is the first plea in the regular order of common law pleading. *Lyman* v. *Central Vt. R. R. Co.*, 59 Vt. 167, 175, 10 Atl. 346. When it is based upon abatable matter, as it is here, it must be filed *in limine*. These dilatory matters are not favored by the courts and must be urged at the earliest opportunity. If this is not done, the defect of jurisdiction will be deemed to be waived. Accordingly it was held in *Quow* v. *Conlin*, 31 Vt. 620, 621, that, in a bastardy case, a defect of the character here involved must be urged before the justice before whom the defendant is brought, or it will be regarded as waived. The case is directly in point. There, as here, the defendant appeared before the justice and, without objecting to the process or its service, entered into the recognizance for his appearance in the county court agreeably to the mandate of the justice. In the county court, he pleaded in abatement for defective service. It was held that his objection came too late.

There may be some difficulty in reconciling this case with all that is said in *Graves* v. *Adams*, 8 Vt. 130, 134, but we think it correctly expresses the law of such cases.

*Judgment reversed, and judgment that the plea in abatement is insufficient. Cause remanded.*