DANIEL BOONE SCHIRMER

*v.*

RAWSON C. MYRICK, SECRETARY OF STATE.

October Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT AND JEFFORDS, JJ.

Opinion delivered October 10, 1940.

*Daniel B. Schirmer,* pro se.

*Lawrence C. Jones,* Attorney General, for the petitionee.

MOULTON, C. J.   The petitioner was the candidate of the Communist party of the State of Vermont for the office of Representative to Congress at the general election of November 5, 1940. He presented to the petitionee, the Secretary of State, certificates of nomination signed by 752 voters residing in the State. The petitionee refused to receive and file these certificates on the ground that they were not in apparent conformity with law as required by P. L. 189, in that the oaths provided for in P. L. 182 were administered to the signers by the petitioner himself,

as notary public, the certificates of oaths being signed by him as such. The petitioner thereupon brought this proceeding to this Court, relying upon the provisions of P. L. 171 claiming that the petitionee had committed a breach of duty, and praying that he should be ordered to desist from his wrongful act and, having filed the certificates of nomination, to place the petitioner's name upon the ballot as a candidate for the office he sought. The petitionee appeared and answered setting forth his reasons for his conduct; and also moved to dismiss the petition for want of jurisdiction in this Court.

So far as material P. L. 171 is as follows: ''If it appears by affidavit presented to a justice of the supreme court or a superior judge that an error or omission has occurred or is about to occur in the printing of the name of a candidate on the official ballots, or that an error has been or is about to be committed in printing such ballots, * * * or that any wrongful act has been or is about to be performed by an officer or person charged with a duty under this chapter or that a neglect of duty by such person has occurred or is about to occur, such justice or judge shall order that the officer or person charged shall forthwith correct the error, desist from the wrongful act, or perform the duty as such justice or judge shall direct, or forthwith show cause to the contrary, and failure to obey such order shall be deemed contempt.''

This statute places the jurisdiction to make the appropriate orders specified therein in a single justice of this Court, or in a superior judge. The Supreme Court, therefore, is not the tribunal erected by the act with authority to hear and grant applications of this nature. *State* v. *Stacy,* 104 Vt. 379, 389, 160 Atl. 257, 747. The petition is not for our consideration and must be dismissed.

But aside from this, the petition could not be granted. Although the administration of an oath is a ministerial act (*Coolbeth* v. *Gove,* 108 Vt. 499, 501, 189 Atl. 858), it has been generally held that, whether ministerial or quasi judicial in nature, public policy forbids it to be done by one who has either a financial or a beneficial interest in the proceeding. This principle has been often applied where an acknowledgment to a deed or other

instrument has been taken and certified by one who, although he was an officer legally authorized to perform the act, is a party to such deed or instrument, or otherwise interested therein. Among other decisions, reference may be made to *Green* v. *Abraham,* 43 Ark. 420, 422; *Hayes* v. *Southern Home Bldg. and Loan Ass'n,* 124 Ala. 663, 26 So. 527, 82 Am. St. Rep. 216, 218; *Lee* v. *Murphy,* 119 Cal. 364, 51 Pac. 549, 551; *Wilson* v. *Traer & Co.,* 20 Iowa 231, 233, 234; *Amick* v. *Woodworth,* 58 Ohio St. 86, 50 N. E. 437, 440; *Beaman* v. *Whitney,* 20 Me. 413, 420; *Groesbeck* v. *Seeley,* 13 Mich. 329, 345; *Armstrong* v. *Combs,* 15 App. Div. 246, 44 N. Y. S. 171, 173; *Ogden Bldg. etc., Ass'n* v. *Mensch,* 196 Ill. 554, 63 N. E. 1049, 89 Am. St. Rep. 330, 336. And while it may be possible to draw a distinction between an acknowledgment and an affidavit, in both cases the same reason forbids official action by one who is benefited thereby. *Smalley* v. *Bodinus,* 120 Mich. 363, 79 N. W. 567, 77 Am. St. Rep. 602.

What constitutes a disqualifying interest on the part of an officer taking an acknowledgment or administering an oath cannot be determined by any fixed rule, for each case must depend upon its own facts. *Horbach* v. *Tyrrell,* 48 Neb. 514, 67 N. W. 485, 489, 37 L. R. A. 434, 437. *In State ex rel. Sammon* v. *Chatterton,* 11 Wyo. 1, 70 Pac. 466, 467, where the oath to certificates of nomination was administered by the candidate himself, the Court said that: "Such a practice is, to say the least, of doubtful propriety," but the decision went upon another point.

There can be no doubt, however, that in this case the petitioner had such a beneficial interest in the execution of the nomination certificates that he was disqualified from administering the oaths. Whether his action rendered the certificates void or merely voidable, (see *Fair* v. *Citizens Bank,* 70 Kan. 612, 79 Pac. 144, 67 L. R. A. 851, 853) we need not inquire, since prompt objection was taken to them, and the invalidity insisted upon. They were not "in apparent conformity to law", and the petitionee has committed no error in refusing to receive and file them.

*The petition is dismissed.*