Hajjt, J.
Common to both cases here considered is the issue whether the affidavits of the circulators of a nominating petition of an independent candidate for an elective office in this state, required by Section 3513.261, Revised Code, are ineffective for the sole reason that the candidate, as a notary public, administered the oaths to the circulators of his own petition.
In both cases, the respective boards of elections in control held that certain of the petition papers in each instance are insufficient because they were notarized by the respective relator candidates, leaving an insufficient number of valid signatures to each of the petitions and making such petitions invalid. The facts as to this branch of the two cases are not in dispute.
The Revised Code provides that a nominating petition must be signed by qualified electors of a county before a circulator, and that the circulator of each petition shall make an affidavit in the following form before an officer authorized by law to administer an oath:
“................, being duly sworn, deposes and says that he is the circulator of the foregoing petition paper containing ......signatures; that said signatures were written in his presence and are the signatures of the persons whose signatures they purport to be; and that he resides at the address appearing below his signature hereto.”
Section 147.07, Revised Code, grants certain official authority to a notary public, the pertinent part of which is as follows:
*488 “A notary public may, within the county for which he is appointed, or if commissioned for the whole state, throughout the state, administer oaths required or authorized by law, take and certify depositions, take and certify acknowledgments of deeds, mortgages, liens, powers of attorney, and other instruments of writing * * *.”
The only present statutory limitation upon the general powers of a notary public to administer oaths is found in Section 2319.01 et seq., Revised Code, entitled Modes of Taking Testimony. Section 2319.02, Revised Code, defines an affidavit as “a written declaration under oath, made without notice to the adverse party,” and Section 2319.10, Revised Code, provides that a notary public may take a deposition for use in judicial proceedings. Section 2319.13, Revised Code, provides that “the officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the outcome of the action or proceedings.”
The specific question here presented has not been heretofore determined by this court. In the case of Amick v. Woodworth, 58 Ohio St., 86, 50 N. E., 437, this court held that a mortgage witnessed by and acknowledged before the named mortgagee as a notary public is invalid. In the case of Read, Assignee, v. Toledo Loan Co., 68 Ohio St., 280, 67 N. E., 729, 96 Am. St. Rep., 663, 62 L. R. A., 790, this court distinguished it from the case of Amick v. Woodworth, supra, and held:
“A mortgage executed agreeably to the provisions of Section 4106, Revised Statutes of Ohio, and attested and acknowledged as therein provided, is not invalid and cannot be impeached, in the absence of fraud and undue advantage, merely because the witnesses who attest the signature of the mortgagor and the notary public taking his acknowledgment are stockholders of, but not otherwise interested in the corporation named in said mortgage as grantee.”
Our attention is also called to the case of Pfau v. Butterfield (decided in 1932 by the Common Pleas Court of Hamilton County), 29 N. P. (N. S.), 285, wherein it was held:
“Where the persons signing a petition of candidacy for public office make their acknowledgment before the candidate himself as notary, the petition is invalid.”
*489 The relators take the position that the oath taken by the circulator of a nominating petition is an affidavit and not an acknowledgment; that by Section 147.07, Revised Code, creating the office of notary public, the notary is given plenary power to administer oaths unless specifically limited by statute; that the election laws of this state impose no such limitation; and that the limitation imposed by Section 2319.13, Revised Code, to the effect that an officer before whom depositions are taken must not be a relative or attorney of either party or interested in the outcome of the action or proceeding, applies only to affidavits to be used in litigation or judicial proceedings, and relators cite as authority for this position the opinion of Judge Mauck in the case of City Commissioner of Gallipolis v. State, ex rel. Houck, 36 Ohio App., 258, 173 N. E., 36, wherein he stated that the fact that affidavits to certain referendum petitions were sworn to before a notary public who was attorney for the affiants and others interested in the proposed referendum did not disqualify the notary and invalidate the petitions.
Legal authorities throughout the country have often considered phases of this matter from the standpoint of public policy and have applied as a test the rule that a notary public should be disqualified to administer an oath to a party where he, the notary, is directly interested, legally or materially, in the validation of the instrument which the oath accomplishes.
Here, the relators were directly interested legally and materially in the validation of their own nominating petitions which they attempted to validate by administering the oaths to the circulators. The oaths taken in these instances were in the nature of acknowledgments validating the instruments beneficial to the relators. As was said by Judge Darby in Pfau v. Butterfield, supra:
‘ ‘ This is not a case in which the attorney for an interested party may take an affidavit, but it is a case of the interested party himself acting as notary public.
“It was never within the contemplation of the Legislature in authorizing commissions to be issued to notaries public, that they should act in their own cases, and there is nothing in the election law to indicate that. ’ ’
A case directly in point is that of Schirmer v. Myrick, Secy. *490 of State, 111 Vt., 255, 20 A. (2d), 125, which holds, as expressed in the A. (2d) headnotes:
“A notary public, presenting certificates of his nomination as party candidate for office of Representative in Congress to Secretary of State, had such beneficial interest in the execution of certificates as to disqualify him from administering oaths to signers thereof, so that secretary committed no error in refusing to receive and file petitions on ground that they were not in ‘apparent conformity to law.’ ”
In the course of the opinion in that case the court said:
“* * * Although the administration of an oath is a ministerial act (Coolbeth v. Gove, 108 Vt., 499, 501, 189 A., 858), it has been generally held that, whether ministerial or quasi-judicial in nature, public policy forbids it to be done by one who has either a financial or a beneficial interest in the proceeding. This principle has been often applied where an acknowledgment to a deed or other instrument has been taken and certified by one who, although he was an officer legally authorized to perform the act, is a party to such deed or instrument, or otherwise interested therein. Among other decisions, reference may be made to Green v. Abraham, 43 Ark., 420, 422; Hayes v. Southern Home Bldg. & Loan Assn., 124 Ala., 663, 26 So., 527, 82 Am. St. Rep., 216, 218; Lee v. Murphy, 119 Cal., 364, 51 P., 549, 551, 555; Wilson v. Traer & Co., 20 Iowa, 231, 233, 234; Amick v. Woodworth, 58 Ohio St., 86, 50 N. E., 437, 440; Beaman v. Whitney, 20 Me., 413, 420; Grossbeck v. Seeley, 13 Mich., 329, 345; Armstrong v. Combs, 15 App. Div., 246, 44 N. Y. S., 171, 173; Ogden Bldg. etc., Assn. v. Mensch, 196 Ill., 554, 63 N. E., 1049, 89 Am. St. Rep., 330, 336. And while it may be possible to draw a distinction between an acknowledgment and an affidavit, in both cases the same reason forbids official action by one who is benefited thereby. Smalley v. Bodinus, 120 Mich., 363, 79 N. W., 567, 77 Am. St. Rep., 602.”
This court concludes that the practice here adopted by the relators can not, under the authorities and under good public policy, be approved. This position is consistent with the restrictions imposed by statute upon notaries in the exercise of their authority in taking depositions. The evil to be avoided by this restriction is the same in both instances.
*491 Some question is made by the relator in case No. 34950 that the Board of Elections of Scioto County did not have authority to find invalid the petition papers signed by him as notary. However, that issue is not controlling since the court finds that relator’s petition in any event is insufficient to validate his candidacy.
In case No. 34934, the writ of mandamus is denied, and, in case No. 34950, the demurrer to the answer of respondents is overruled and the writ denied.

Writs denied.

Weygandt, C. J., Zimmerman and Bell, JJ., concur.