## Abbott's Nomination.

*Election law — Nomination papers — Amendment — Eligibility of candidate—Act of July 12, 1913.*

1. The courts cannot take into consideration the eligibility of a candidate for public office in a proceeding to set aside a nomination paper.

2. Under the Act of July 12, 1913, P. L. 719, the court may, in its discretion, permit an amendment of the affidavit to a nomination paper.

Application to set aside nomination paper. C. P. Luzerne Co., Oct. T., 1921, No. 752.

FULLER, P. J.—This application, with commendable caution in order to prevent escape under any possible variation of name, attacks the nomination papers of "jud Abott," "Judson H. Abbott" or "H. Judson Abbot," although those papers clearly set forth only the name of "H. Judd Abbott," which we believe to be the real name of the candidate.

The only ground of attack is that he holds office as deputy revenue collector under the United States, constituting alleged ineligibility for the office of county controller under the Act of June 27, 1895, P. L. 403, 404, which provides

1 D. & C.

that "No person holding office under the United States shall be eligible to the office of county controller during his continuance as aforesaid nor until one year thereafter," etc.

The fact of his being deputy revenue collector is disclosed on the face of the nomination papers themselves, as well as substantiated by evidence showing the character of the position. Those papers are also accompanied by his affidavit as candidate, setting forth, *inter alia*, "To the best of my knowledge and belief, I am eligible for such office," etc.

Two questions are presented, viz.: (1) Whether the candidate is in law ineligible; and (2) whether such ineligibility is a ground for setting aside the nomination papers.

1. On the first question opinions might and do differ. The judges who heard the case might agree or disagree among themselves or with other judges. Law is not an exact science and its interpreters are not infallible. The same question presented to different minds might lead in one to a positive conviction, in another to hesitating concurrence, and in a third to energetic dissent. Lower judges are often reversed by higher judges, who, in turn, may be reversed by those still higher. The entire right of appeal is predicated upon the possibility of error in respect to legal opinion. This being so, it would not be fair to a candidate, by judicial declaration, which might be erroneous, to stamp upon his candidacy, before election, the destructive mark of ineligibility, assuming that we entertain such a view.

2. The foregoing consideration furnishes one reason why, in answer to the second question, we should not regard ineligibility as ground for setting aside a nomination paper. But there is another reason. This proceeding is purely statutory, and our power to set aside a nomination paper is severely restricted to explicit statutory grounds, among which the only pertinent one is thus expressed in section 8 of the Act of July 12, 1913, P. L. 719, 730:

"*(a)* Material error or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits;" and it would seem that the "error or defect" here intended should be one susceptible of correction by amendment, for section 8 further expressly provides:

"If the matters objected to are such as are specified in sub-division *(a)* of this section, the court, upon hearing the case, may, in its discretion, permit amendments within such time and upon such terms as to payment of costs as the said court may specify." For example, the candidate's affidavit, as above quoted, discloses an amendable defect in averring eligibility "to the best of his knowledge and belief" instead of absolutely, as required by section 6 of the act; but ineligibility is plainly not an amendable matter, and, therefore, is not apparently included among the objections which create ground or confer jurisdiction for setting aside the nomination papers.

It may seem paradoxical not to prevent the candidacy of an ineligible person, but the law does not prescribe eligibility as a condition precedent to nomination. If a person, through patriotism or ambition, believing himself eligible, is willing to expend time and money in pursuing a political phantom, or if electors are willing to bestow vote and effort in aiding such pursuit, no legal obstacle prevents.

Accordingly, permission is granted to amend the candidate's affidavit in the particular above mentioned, and thereupon the application to set aside will be dismissed.

From F. P. Slattery, Wilkes-Barre, Pa.