## Fitzpatrick v. Lawrence, Secretary of the Commonwealth

*Alexander Shaw,* for petitioner.

*C. James Todaro* and *Edward Friedman,* Deputy Attorneys General, and *Charles J. Margiotti,* Attorney General, for respondents.

HARGEST, P. J., April 12, 1938.—The petition for mandamus and return thereto show that the nominating petition states on its face that it is a petition to put in nomi-

nation Michael F. Fitzpatrick for the office of representative in the Tenth Representative District of Allegheny County. We assume, in the absence of any allegation to the contrary, that the candidate's affidavit was in proper form. The Secretary of the Commonwealth, however, refused to receive the nominating petition because the affidavit of the qualified elector did not have the word "tenth" filled in showing that the elector was an elector of the Tenth District of Allegheny County. The affidavit reads as follows: "That he is a qualified elector of . . . Representative District of Allegheny County; that his residence is no. 7609 Roslyn St., Swissvale, Pgh., Pa." And then follow the other necessary allegations, and the affidavit concluded, "That to the best of deponent's knowledge and belief the signers are qualified registered and enrolled electors of the Democratic Party in said district and county."

Section 909 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, provides, in part:

"Each sheet shall have appended thereto the affidavit of some person, not necessarily a signer, and not necessarily the same person on each sheet, setting forth—(a) that the affiant is a qualified elector of the State, or of the political district, as the case may be, referred to in said petition; (b) his residence, giving city, borough or township, with street and number, if any."

The question before us is whether leaving out of the affidavit the word "tenth", to designate the number of the representative district, is such a material error that it would invalidate the nominating petition, since under the law we have no right to direct the amendment of it in a mandamus proceeding, and the time for amendment has expired.

In our opinion, a material error would consist of an omission of some matter of vital importance which might mislead either electors or the officials who have duties to perform with reference to nominating petitions, but

where there are other facts on the face of a nominating petition from which it is plain that no one having to do with it could be misled, such an omission could hardly be considered either vital or material. In the instant case the nominating petition on its face discloses that it purports to make a nomination for the tenth representative district. The affiant swears that he is "a qualified elector of . . . . . . Representative District of Allegheny County," but he adds that his residence is "no. 7609 Roslyn St., Swissvale, Pgb., Pa." And in his affidavit he also says, "The signers are qualified registered and enrolled electors of the Democratic Party in the said district and county." Swearing that he is a resident of Swissvale leaves no question about the representative district in which he lives. It does require a checking to show the fact that Swissvale is in the tenth district. It is true that the statute requires the affiant to state that he is a qualified elector "of the political district", as the case may be, referred to in said petition.

The question before us is whether we should so strictly construe that requirement as to justify the refusal of the nominating petition where from all the other statements, both in the affidavit and on the face of the nominating petition, nobody could be misled, and in that connection it must not be overlooked that the concluding paragraph of the affidavit is, that the signers were electors of the "Democratic Party in said district and county". Inasmuch as there was no district mentioned, this part of the affidavit necessarily refers to the place in the nominating petition where the district was named.

We are of opinion that while these matters all depend upon statutory provision, the statute should not be so strictly construed in the instant case as to justify the refusal of this nominating petition. The mandamus, therefore, must be granted. We assume, however, that it will not be necessary to serve any formal writ of mandamus upon the Secretary of the Commonwealth.