## Howe v. Campbell et al.

*Harry L. Siegel*, for plaintiff.
*Robert Stuckenrath*, for defendants.

UTTLEY, P. J., August 7, 1947.—George I. Howe, plaintiff, on July 17, 1947, filed with the Board of Elections of Mifflin County two petitions, each containing 114 signatures, or a total of 228 signatures, to have his name printed on the official ballot of the Republican Party, as a candidate for the office of prothonotary at the primary election to be held September 9, 1947. On July 21, 1947, the last day for filing nomination petitions, plaintiff filed a third petition containing 46 signatures. It is admitted that these petitions contained more than 100 valid signatures, the number required by law on a nominating petition for the office of prothonotary.

The above petitions, however, did not have appended thereto or filed therewith either the affidavit of the qualified elector who procured the signatures to said petitions, as required by section 909 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §2869, or the affidavit of George I. Howe, the candidate named in said petition, as required by section 910 of the act, 25 PS §2870.

On July 25, 1947, within four days after the last petition was filed and after the last day for filing nomination petitions, which was a reasonable time, the Board of Elections of Mifflin County rejected the nomination petitions in question because the affidavits required by sections 909 and 910 of the Act of 1937, supra, were not appended thereto or filed therewith.

By letter of Robert Stuckenrath dated July 25, 1947, and received by plaintiff July 26, 1947, plaintiff was

advised that because the affidavits of "qualified elector" and "candidate" on his petition were not executed, his petition must be ruled out as invalid and that his name could not be placed on the ballot and his petitions were returned to him with the letter.

On July 28, 1947, George I. Howe presented and filed his petition or complaint in this case under section 976 of the Act of June 3, 1937, P. L. 1333, as amended by the Act of May 21, 1943, P. L. 353, 25 PS §2937, praying for a judgment against defendants above named, acting as Board of Elections of Mifflin County, commanding them to receive, accept and file his said nomination petitions together with any amendments thereto permitted by the court as of the date when the same were originally presented to the county board of elections.

The hearing upon said petition and complaint was fixed for Saturday, August 2, 1947, at 9:30 a.m., when the testimony and evidence was heard and taken, and the case was argued by counsel on Monday, August 4, 1947.

At the hearing when the attention of George I. Howe, plaintiff, was called to the statement in his complaint that he had procured all the signatures to his petition, he admitted that that statement was incorrect and that one William McCreery had procured signatures 56 to 90, inclusive, on the petition marked Petitioner's Exhibit No. 2.

Plaintiff also admitted on the stand that the statement in his complaint that he had no knowledge of the legal requirements in connection with the proper completion of his nomination petitions was incorrect as on previous occasions when he was a Republican committeeman he was advised by Miss Clara V. White, chief clerk of the election board, that his petitions had to be notarized. Plaintiff's answer at one place in the testimony is "I did know that you had to have affidavits

on your petition but as I said, Miss White in previous times always checked the petitions and had me go out and have them notarized". Plaintiff also admitted that he saw the affidavit forms on the back of the petitions in question and knew he had to have affidavits.

Miss Clara V. White, the chief clerk of the election board, testified that two of these petitions were brought in to the office before July 17, 1947, were checked as to the number and correctness of the signatures and placed in the file. She further stated that on July 17, 1947, Mr. Howe, plaintiff, obtained them, took them to the county treasurer, who received the filing fee and stamped the date on them, and that Mr. Howe the same day returned the petitions to the office of the board and handed them to Mrs. Stetler, an employe of the board, who placed them in the file. Miss White also testified that on July 21, 1947, when Mr. Howe, plaintiff, brought in the additional petition containing 46 signatures, she said to him that he had more than enough signatures. Apparently neither the plaintiff nor Miss White, the chief clerk, mentioned the matter of the affidavits.

There is no allegation here that plaintiff was intentionally misled or deceived by Miss White, and the court is unable to see how plaintiff could have been misled by anything Miss White said or did. He admits he knew the law required these affidavits to be appended to and filed with his nomination petitions, that he saw the affidavit forms on the back of the petitions in question and knew they were required, and yet because Miss White did not tell him to have them executed he contends she was responsible for his mistake. The court is unable to conclude that either Miss White or the election board was responsible for what happened. It was plaintiff's mistake.

Section 976 of the Act of 1937, supra, under which this petition and complaint is drawn and presented, provides that when any nomination petition is pre-

sented in the office of any county board of elections for filing, it shall be the duty of the board to examine the same and that no nomination petition shall be permitted to be filed if it contains material errors or defects on the face thereof or on the face of the appended or accompanying affidavits; also that the action of the board in refusing to receive and file any such nomination petition may be reviewed by the court of common pleas of the proper county upon application for a writ of mandamus to compel its reception as of the date when it was presented to the office of such board, provided that such board shall be entitled to a reasonable time in which to examine any petitions and the board's retention of the same for the purpose of making such examination shall not be construed as an acceptance; and provided further that upon completion of any examination, if a nomination petition is found to be defective, it shall forthwith be rejected and returned to the candidate named therein together with a statement of the reasons for its rejection.

Two of the nomination petitions were left with the board on July 17, 1947, and the third petition on July 21, 1947, the last day for filing petitions. The board rejected these petitions on July 25, 1947, of which plaintiff had notice on July 26, 1947. This was within eight days, which, in the opinion of the court under the circumstances of this case, was a reasonable time. It must be remembered that the number of registrations, number of nomination petitions and the number of petitions for referendum on the liquor question were so much greater than usual that an extra force of eight persons had to be employed to take care of the rush that ensued.

Section 909 of the Act of 1937, supra, required that each sheet of the nomination petition *shall have* appended thereto the affidavit of the person who secured the signatures, to the facts required, and section 910 of the Act of 1937, supra, provides that each candidate

*shall* file with his nomination petition his affidavit to the facts required. The use of the word "shall" indicates that the requirements of sections 909 and 910 of the Act of 1937, supra, are mandatory. The mandatory or directory nature of a statute depends on whether the thing directed to be done is of the essence of the thing required. These affidavits are of the essence of the thing required, because their purpose is to furnish to the board the evidence that the nomination petition complies with the provisions of the Election Code. Failure to append and file these affidavits rendered these nomination petitions void. The provisions of sections 909 and 910 of the Act of 1937, supra, requiring the appending and filing of these affidavits are mandatory and the court is therefore without power to permit these affidavits to be appended and filed after the last day for filing nomination petitions: American Labor Party Case, 352 Pa. 576, 579; Strassburger et al. v. Johnson, Secretary of the Commonwealth, 12 D. & C. 366, 370.

A nominating petition which does not have the requisite number of signatures of qualified electors is in effect no petition and cannot be amended: Jackson's Petition, 29 Dist. R. 593. When the petition is not signed by the required number of qualified electors, there could be no amendment because to allow an amendment in such case would be legislation: Emerick's Nomination, 23 Dauphin 136. The same reasoning applies to nomination petitions filed without the required affidavits appended thereto or filed therewith. Where there is an absence of an essential requirement to make a valid nominating petition, to supply that requirement after the last day for filing such petition would be supplementing the petition, not amending it.

We agree with counsel for plaintiff that the court has power to amend the affidavits to a nominating petition where the error or errors therein are not material or vital. In Fitzpatrick v. Lawrence, Secretary of the

Commonwealth, 32 D. & C. 486, Judge Hargest held that the Secretary of the Commonwealth was not justified in refusing to receive a nomination petition because in the elector's affidavit the space for the number of the election district was left blank, contrary to the provisions of section 909, supra, where no one would have been misled by the omission, since the elector's residence was given and since he stated he was a qualified elector of "said district". The mandamus in the case cited was therefore granted. When the matter is squarely before the court on a mandamus proceeding and the court finds that nomination petitions have been refused for defects that are amendable, it is the clear duty of the court to permit the amendments, otherwise the court would not be enforcing the law regulating nominations.

The power to amend has been liberally construed and illustrations of the instances in which amendments of the affidavits to nominating petitions have been allowed may be found in the following cases: Commonwealth ex rel. Phelan v. Secretary of the Commonwealth, 5 Dist. R. 662; Abbott's Nomination, 1 D. & C. 600; Hosenfeld's Petition, 29 Dist. R. 510; Morin's Nomination, 26 Dist. R. 760; Flynn's Petition, 29 Dist. R. 486, and Fitzpatrick v. Lawrence, Secretary of the Commonwealth, 32 D. & C. 486. In all of the above cited cases, however, there were affidavits appended to and accompanying the nomination petitions upon the face of which there were errors or defects to amend. In the case at bar, however, there is a total absence of any affidavits appended to or filed with the nomination petitions. Therefore there was nothing upon the face of an appended or accompanying affidavit to amend. What defendant asks the court in this case is to permit him to supply these affidavits after the time has passed for filing nominating petitions. This is identically what the court was asked to do in Strassburger et al. v. Johnson, Secretary of the Common-

wealth, 12 D. & C. 366, 370, where Judge Hargest, in refusing the writ of mandamus, said:

"In Emerick's Petition, 23 Dauphin Co. Reps. 135, this court held that where the petition was not signed by the required number of qualified electors, there could be no amendment, because to allow an amendment in such a case would be legislation. In effect it would be permitting the filing of a petition subsequent to the last day fixed by the act of assembly for filing such petitions. We think the absence of an affidavit by the candidate is in the same category. There is the absence of an integral requirement to make a valid nomination petition. To supply that requirement after the last day for filing such petitions would be supplementing the petition and not amending it."

Judge Hargest in the above case in concluding his opinion based his refusal of the mandamus "upon the broad ground that the papers presented to the Secretary of the Commonwealth are void and not amendable because they contain no affidavit of the candidate, as required by the statute. It follows that the Secretary of the Commonwealth was right in not filing them."

Reluctant as this court is to reach a decision of this case which will prevent the plaintiff's name from being printed on the Republican primary ballot as a candidate for the office of prothonotary, we are unable to escape the conclusion that the affidavits mentioned in sections 909 and 910 of the ballot act are an integral requirement of a valid nomination petition, the absence of which renders the plaintiff's nomination petitions invalid. To permit these affidavits to be supplied after the last day for filing nomination petition would be supplementing and not amending them. It follows that the action of the county board of elections in rejecting plaintiff's nominating petitions on the ground that they are void and not amendable because they do not contain the affidavits required by the statute will

18

have to be sustained. The petition for a mandamus in this case will therefore have to be dismissed.

*Decree*

Now, August 7, 1947, after hearing and upon due consideration, the action and complaint of plaintiff for a writ of mandamus in the above stated case is refused and dismissed at the costs of plaintiff. To this opinion and decree Harry L. Siegel, attorney for the plaintiff, excepts and a bill of exceptions is sealed for the plaintiff.