## Commonwealth ex rel. v. Morrison

*T. McKeen Chidsey*, Attorney General, *Harrington Adams* and *H. J. Woodward*, Deputy Attorneys General, for Commonwealth.

*Thomas E. Whitten* and *Douglas D. Storey*, for petitioner.

WOODSIDE, J., March 22, 1948.—The petition of James Gregg seeks a writ of mandamus directing the Secretary of the Commonwealth to accept his nomination petition and to have the relator's name certified

to the County Board of Elections of the County of Westmoreland in the 27th congressional district as a candidate for the office of delegate to the National convention of the Republican Party.

Section 910 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §2870, requires that each candidate "shall file with his nomination petition his affidavit stating—(a) his residence, with street and number, if any, and his post-office address; (b) his election district, giving city, borough, town or township; (c) the name of the office for which he consents to be a candidate; (d) that he is eligible for such office; (e) that he will not knowingly violate any provision of this act, or of any law regulating and limiting nomination and election expenses and prohibiting corrupt practices in connection therewith; (f) unless he is a candidate for judge of a court of record, that he is not a candidate for nomination for the same office of any party other than the one designated in such petition; and (g) if he is a candidate for a delegate, or alternate delegate, member of State committee, National committee or party officer, that he is a registered and enrolled member of the designated party. . . ."

Section 976 of the Election Code (25 PS §2936) provides that "When any nomination petition . . . is presented in the office of the Secretary of the Commonwealth . . . for filing within the period limited by this act, it shall be the duty of the said officer . . . to examine the same. No nomination petition . . . shall be permitted to be filed if—(a) it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; . . ."

From the petition and answer it appears that on Saturday, March 6th, the Secretary of the Commonwealth received from relator a petition containing three sheets, none of which had accompanying it a

candidate's affidavit as required by the Election Code. The petition was accompanied by a certified check signed by relator. Because the petition lacked the candidate's affidavit the Secretary of the Commonwealth did not accept it for filing and on Monday, March 8th, mailed it back to Gregg. According to relator it was not received by him until March 12th. The last day for filing petitions was March 8th. Gregg alleges that he took the petition to an alderman on March 5th, orally swore to it, left it there and did not discover before mailing it that the affidavit had not been executed. The affidavit forms on the petition did not have the blanks filled in, and were not signed by either relator or the alderman.

He admits the petition was not in proper form when it was received by the Secretary of the Commonwealth. He now seeks permission of the court to amend the petition by the proper execution of the affidavit, and prays that a writ of mandamus be directed to the Secretary of the Commonwealth to compel him to accept the petition as of the date when presented to him.

The question thus presented is whether after the last day for filing nomination petitions a candidate's affidavit may be added to a petition which had been offered to the Secretary of the Commonwealth for filing without such affidavit within the time prescribed by law.

This court has held that when no candidate's affidavit accompanies a nomination petition before the last day for filing, no such affidavit can be added subsequently.

In Strassburger et al. v. Johnson, Secretary of the Commonwealth, 12 D. & C. 366 (1928) the late President Judge Hargest pointed out that the power to amend nomination petitions had been liberally construed, reviewed a number of cases in which amendments were allowed, but then said:

". . . The present case, however, presents no such material error or defect on the face of appended or

accompanying affidavits. There is no affidavit made by the candidate. Therefore, there is nothing on the face of an appended or accompanying affidavit to amend.

"In Emerick's Petition, 23 Dauphin Co. Reps. 135, this court held that where the petition was not signed by the required number of qualified electors, there could be no amendment, because to allow an amendment in such a case would be legislation. In effect it would be permitting the filing of a petition subsequent to the last day fixed by the act of assembly for filing such petitions. We think the absence of an affidavit by the candidate is in the same category. There is the absence of an integral requirement to make a valid nomination petition. To supply that requirement after the last day for filing such petitions would be supplementing the petition and not amending it."

Another case directly in point is Howe v. Campbell et al., 60 D. & C. 10 (1947) in which President Judge Uttley of Mifflin County refused to permit a candidate's affidavit to be added to a petition after the last day for filing the petitions had passed. In discussing the question Judge Uttley said:

"These affidavits are of the essence of the thing required, because their purpose is to furnish to the board the evidence that the nomination petition complies with the provisions of the Election Code. Failure to append and file these affidavits rendered these nomination petitions void. The provisions of sections 909 and 910 of the Act of 1937, supra, requiring the appending and filing of these affidavits are mandatory and the court is therefore without power to permit these affidavits to be appended and filed after the last day for filing nomination petitions. . . ."

In Harrisburg Sunday Movie Petition, 57 Dauph. 146 (1945) affirmed in 352 Pa. 635 (1945) we held that petitions seeking a Sunday motion picture referendum were invalid because they did not have attached

the affidavits of those who circulated them. We did not permit an amendment to the petitions by the addition of the affidavits.

Relator cites the cases of In re Nomination Papers of Bauman et al., 46 Dauph. 37 (1938). There the nomination papers had affidavits of the circulators making them valid on their face. Later when they were under attack it appeared that the persons who made the affidavits had not personally obtained all the signatures to which their affidavits applied. In a rather liberal construction of the law this court permitted the addition of affidavits by the other people who had circulated the petitions.

In other cases substituted affidavits have been permitted by the courts (Hosenfeld's Nomination, 29 Dist. R. 510 (1930), Butler's Nomination, 16 Pa. C. C. 78 (1895) ), and on many occasions defective affidavits have been amended (Commonwealth ex rel. Phelan v. Secretary of the Commonwealth, 5 Dist. R. 662 (1896), Challenger's Nomination, 14 Dist. R. 654 (1905), Lauler's Petition, 19 Dauph. 181 (1916) ), but we have been unable to find any case, and none has been cited to us, in which the court permitted the filing of a nomination petition which did not have attached a candidate's affidavit made prior to the last day for filing the petition.

Relator argues that the candidate's affidavit is solely for the protection of the candidate against the use of his name on the ballot without his consent, and that since he signed the check or the filing fee he indicated his intent to file the petition and that this is at least a sufficient substitute for an affidavit to permit a corrected one to be filed. In the first place the statutory requirements of the candidate's affidavit show that it is not solely for the protection of the candidate, and in the second place the signature of the petitioner on the check can in no sense be considered an affidavit or an attempt to make one.

The modern election system is one of the most intricate mechanisms of modern governmental organization, and a slight disruption leads to far reaching effects. It is interesting to note some of the difficulties which would follow a holding that the proposed addition of the affidavit to the petition could be made.

In the first place although we have had an argument and decided the case within five days of the bringing of the action the drawing for positions on the ballot has already been held. Would not a redrawing, including all involved thereby, be necessary? Certainly the Secretary of the Commonwealth properly returned the petition when it was received by him without the candidate's affidavit. The petition was not available for public inspection until March 15 when it was filed as a part of the records of this case. At no time before then did the other candidates for the same office, or the electors of the district, have an opportunity to examine the signatures on the petition to determine their legality. Since under the law these people should have a week (from the last day of filing to the last day for objecting) to examine the petition do they still have a week to do it, and if so, from when to when? Within what time can they file objection to the names on the petition? Or can their rights be properly limited or reduced by our issuance of a writ in this case? A candidate's right to withdraw expired on the day the petition for this writ was filed. Must the candidate make this decision without knowing who else is running for the same office? We do not base our decision on any of these considerations for there may be occasions when such results will of necessity follow from the action of the courts. But we do cite these results to show that not all the equities are on the side of relator, especially when we remember that he finds himself in his present predicament as the result of his own gross negligence.

There being no candidate's affidavit on the nomination petition to amend, or for which another can be substituted, we cannot under the law add an affidavit to the petition after the last day for filing such petition, and the writ must be dismissed.

And now, to wit, March 22, 1948, the peremptory mandamus is refused and the petition dismissed at the cost of petitioner.