In Re: the Nomination Petition of Louis Kloiber for the Office of Member of State Committee of the Democratic Party.

Heard March 26, 1976, by Judge BLATT.

*Richard C. Buss,* for petitioner.

*Alan M. Bredt,* for respondent.

MEMORANDUM OPINION AND ORDER BY JUDGE BLATT, March 31, 1976:

On February 17, 1976 the Bureau of Elections (Bureau) of the Department of State received in the mail the Nomination Petition of Louis Kloiber for the office of Member of the State Committee of the Democratic Party. That was the last day for filing such petitions, and, when an examination of Kloiber's petition indicated that it did not contain the seal of a Notary Public affixed to either the affidavit of the Circulator or to the affidavit of the Candidate as required by Sections 909 and 910 of The Election Code,[1] (Code), 25 P.S. §§2869 and 2870, the Bureau immediately mailed the petition back to Kloiber as rejected. *See* Section 976 of the Code, 25 P.S. §2936. In all other respects, the petition was in good order; in fact, both

[1] Act of June 3, 1937, P.L. 1333, *as amended.*

of the affidavits in question had been otherwise properly executed and were witnessed by a Notary, although not sealed. The rejected petition was delivered to Kloiber's home in the mail on Saturday, February 21, 1976 but was not received personally by Kloiber until the following Monday, February 23, 1976, when he returned home from a trip. He quickly went back to the Notary, who then affixed his seal in the proper places on the Nomination Petition, and Kloiber then returned the petition to the Bureau which refused to accept it because it was untimely filed. Kloiber has now petitioned this Court to compel the Bureau to receive his Nomination Petition as timely filed nunc pro tunc. A hearing was held on March 26, 1976 and testimony was taken, directed mainly to the issue of whether or not the absence of a notary seal rendered Kloiber's Nomination Petition fatally defective at the time of original filing and whether or not this defect could be amended after the deadline for filing nomination petitions.

As the Bureau notes in its memorandum of law, nomination petitions with improperly completed affidavits are amendable at the discretion of the Court, *Fitzpatrick v. Lawrence,* 32 Pa. D. & C. 486 (1938); *Abbott's Nomination,* 1 Pa. D. & C. 600 (1921); *In Re: Petition of Thomas H. Flynn,* 23 Dauph. 96, 29 Dist. R. 486 (1920); *Lauler's Petition,* 19 Dauph. 181 (1916); while nomination petitions with no affidavits at all leave nothing to be amended and are, therefore, fatally defective. *Hirsh v. Morrison,* 59 Dauph. 39 (1948); *Gregg v. Morrison,* 59 Dauph. 35, 63 Pa. D. & C. 655 (1948); *Howe v. Campbell,* 60 Pa. D. & C. 10 (1947); *Harrisburg Sunday Movie Petition,* 57 Dauph. 146 (1945), *affirmed* 352 Pa. 635, 44 A.2d 46 (1945); *Strassburger v. Johnson,* 31 Dauph. 239, 12 Pa. D. & C. 366 (1928). The Bureau argues that the Kloiber petition was received on February 17 with no

affidavits at all and was, therefore, fatally defective. We cannot agree.

Kloiber was both the Candidate and the Circulator of the Nomination Petition here in question. The evidence establishes: (1) that he appeared before a Notary Public on February 12, 1976; (2) that he made the appropriate declarations contained in the affidavits of the Candidate and Circulator of the Nomination Petition; and (3) that the Notary Public signed the affidavits as having been sworn and subscribed before him;[2] but (4) that the Notary then failed to authenticate these acts by impressing his seal upon the affidavits. Such facts do not indicate that the affidavits had not been made at all but rather that the affidavits were improperly completed. In *In Re: Petition of Thomas H. Flynn, supra,* where (1) the notarial seal impressed upon the candidate's affidavit did not indicate the name of the notary, (2) the signature of the alleged notary was blurred and illegible, and (3) the official records of the Commonwealth failed to show that there was a notary commission set to expire on the date and under the name indicated by the candidate's affidavit, the court nevertheless permitted Flynn to amend his petition by showing that he had appeared before a lawful notary and had properly made the affidavit. Similarly, we believe that the defect in the affidavits of Kloiber's Nomination Petition is likewise amendable.

In determining whether or not to exercise our discretion by allowing Kloiber to amend his petition nunc pro tunc here we have fully considered the arguments of the Bureau, but we must conclude that Kloiber, having acted in good faith and with due diligence,

---

[2] The Notary testified that he thought he had affixed both seals on February 12, when he signed and dated the affidavits, and could only assume that he had somehow or other forgotten to add his seal.

54

should not now be deprived of his right to run for office because of the technical oversight involved in this case. *Ross Nomination Petition*, 411 Pa. 45, 190 A.2d 719 (1963). We also conclude that the Nomination Petition in question has now been properly amended by having had a proper notarial seal affixed to the Candidate's and Circulator's affidavits. We, therefore, issue the following

### Order

And Now, this 31st day of March, 1976, the Petition to compel the Bureau of Elections to receive and file the Nomination Petition of Louis Kloiber is hereby granted. The Secretary of the Commonwealth is directed to certify the name of Louis Kloiber to the proper officials for inclusion on the ballot of the Democratic Party at the Primary Election on April 27, 1976, as a candidate for the office of Member of the State Committee of the Democratic Party.

The Prothonotary is directed to notify forthwith the parties hereto and their counsel of this order, and also to certify a copy thereof to the Secretary of the Commonwealth of Pennsylvania.