**In Re: Nominating Petition of Philip J. BERG for Judge of the Common Pleas Court of Montgomery County, Pennsylvania**

**Objection of: Brian Miles.**

Commonwealth Court of Pennsylvania.

Decided April 1, 2009.

Ordered Published May 5, 2009.

Robert J. Kerns, Upper Gwynedd, for petitioner.

Philip J. Berg, Lafayette Hill, for respondent.

## OPINION BY Judge COHN JUBELIRER.

Brian Miles (Objector) has filed a Petition to Set Aside the Nomination Petition of Philip J. Berg (Petition to Set Aside), seeking to prevent Berg's name from appearing on the primary ballot as a Republican candidate for Judge of the Court of Common Pleas of Montgomery County, Pennsylvania. Pursuant to Section 912.1(18) of the Pennsylvania Election Code (Election Code),[1] Berg is required to present a nomination petition containing at least two-hundred fifty (250) valid signatures of registered and enrolled members of the proper party.

On March 10, 2009, Berg filed his Nomination Petition containing two hundred eighty-seven (287) signatures with the Secretary of the Commonwealth. In the Petition to Set Aside, Objector challenges one hundred twenty-one (121)[2] of those signatures found on pages 3, 6, 7, 8, 9, 10, 11, 13, 14, 15 and 16 as invalid because Berg, himself, notarized the circulators' affidavits that are attached to those pages in violation of the Notary Public Law.[3]

In compliance with our Scheduling and Case Management Order dated March 17, 2009, the parties filed a timely Stipulation with this Court on March 24, 2009. A hearing was held before the undersigned on March 25, 2009. Berg represented himself at the hearing. Neither Objector nor Berg presented any witnesses at the hearing.

The Election Code sets out the statutory requirements that a candidate must meet in order to be placed on a primary ballot. Section 907 of the Election Code, 25 P.S. § 2867, provides that nomination petitions must be filed by a candidate in a "form prescribed by the Secretary of the Commonwealth, [and] signed by duly registered and enrolled members of such party who are qualified electors of the State or of the political district, as the case may be, within which the nomination is to be made or election is to be held." A nomination petition may contain several sheets, which electors have signed; however, each sheet

---

**1.** Act of June 3, 1937, P.L. 1333, added by Section 2 of the Act of December 12, 1984, P.L. 968, *as amended,* 25 P.S. § 2872.1(18).

**2.** We note that Objector alleges in his Petition to Set Aside that one-hundred twenty-two (122) of the signatures found on pages 3, 6, 7, 8, 9, 10, 11, 13, 14, 15 and 16 are invalid; however, this Court has only counted one-hundred twenty-one (121) signatures on those challenged pages. This discrepancy is not material to the outcome of the case.

**3.** Act of August 21, 1953, P.L. 1323, *as amended,* 57 P.S. §§ 147–169.

must have a circulator's *affidavit* appended thereto. Section 909 of the Election Code, 25 P.S. § 2869. An affidavit is statutorily defined as:

A statement in writing of a fact or facts signed by the party making it, sworn to or affirmed before an officer authorized by the laws of this Commonwealth to take acknowledgments of deeds, or authorized to administer oaths, or before the particular officer or individual designated by law as the one before whom it is to or may be taken, and officially certified to in the case of an officer under his seal of office.

Section 1991 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1991; *see In re 2003 General Election for the Office of Prothonotary*, 578 Pa. 3, 15, 849 A.2d 230, 237 (2004) (stating that the definitions in the Statutory Construction Act of 1972 apply to the Election Code); *see also* Section 16(a) of the Notary Public Law, 57 P.S. § 162(a) ("Notaries shall have power to administer oaths....").

■ In this case, the issue involves only the circulators' affidavits on the signature pages which are challenged. Specifically, Objector contends that those pages, and the signatures thereon, are invalid because Berg, himself, notarized the circulators' affidavits in violation of Section 19(e) of the Notary Public Law, which provides that:

(e) *No notary public may act as such in any transaction in which he is a party directly or pecuniarily interested.* For the purpose of this section, none of the following shall constitute a direct or pecuniary interest:

(1) being a shareholder in a publicly traded company that is a party to the notarized transaction;

(2) being an officer, director or employe of a company that is a party to the notarized transaction, unless the director, officer or employe personally

benefits from the transaction other than as provided in clause (3); or

(3) receiving a fee that is not contingent upon the completion of the notarized transaction.

57 P.S. § 165(e) (emphasis added). "The purpose of such a statute is to ensure impartiality on the part of a notary with regard to the matter before him." *Citizens Committee to Recall Rizzo v. Board of Elections of the City and County of Philadelphia*, 470 Pa. 1, 22, 367 A.2d 232, 242 (1976) (plurality opinion).

Objector argues that Berg violated Section 19(e) of the Notary Public Law because Berg acted in the capacity of a notary in a transaction in which he has a direct interest. Objector contends that, in the context of notarizing the circulators' affidavits on nomination petitions, courts have held in *In re Nomination Petitions of McIntyre*, 778 A.2d 746 (Pa.Cmwlth.2001), and *Rizzo*, 470 Pa. at 23, 367 A.2d at 243, that a notary public is prohibited from having more than a general interest in the document he or she notarized. Objector argues that Berg clearly has a direct and substantial interest in his Nomination Petition with respect to his candidacy for common pleas judge. Further, Objector argues that the act of a candidate notarizing the circulators' affidavits on his own nomination petition is a fatal defect which is not amendable.

In opposition to the Petition to Set Aside, Berg argues that he did not violate Section 19(e) of the Notary Public Law because he acted in good faith and merely notarized the circulators' signatures on the affidavits, not the electors' signatures. Berg argues that he did not have a direct interest in the circulators' signatures, especially because he did not solicit signatures of electors. In the alternative, Berg argues that, if this Court determines that

such act constitutes a defect of the Nomination Petition, said defect is amendable. To that end, Berg presented to this Court Substituted Affidavits of Circulators, which have been notarized by a disinterested notary, and requested that the Court allow him to amend his Nomination Petition.

■ The first issue this Court must decide is whether Berg violated Section 19(e) of the Notary Public Law by notarizing the circulators' affidavits on his own Nomination Petition. Notaries are not authorized to act as such in any transaction in which they have a direct interest. 57 P.S. § 165(e). In determining whether a notary had a direct interest in the context of nomination petitions, the courts have evaluated the relationship of the notary to the nomination petition and to the candidate. For example, a notary does not have a direct interest in a nomination petition where the notary signed the nomination petition as an elector. *Wolfe v. Switaj*, 106 Pa.Cmwlth. 1, 525 A.2d 825, 826–27 (1985). Likewise, the Supreme Court has held that there was no direct interest by a notary who was a circulator of a nomination petition and, thus, the notary could notarize a different circulator's affidavit without violating Section 19(e). *In re Nomination Petition of Kersten*, 525 Pa. 65, 67–68, 575 A.2d 542, 543–44 (1990). This Court has also found no direct interest where a notary was the niece of the candidate and notarized several sheets of her uncle's nomination petition. *In re Nomination Petition of Cooper*, 163 Pa.Cmwlth. 430, 643 A.2d 717, 727–28 (1994). Additionally, this Court found no direct interest where a notary was employed as an office manager at the same law firm at which the candidate was employed, circulated one page of the candidate's petition, and notarized others. *McIntyre*, 778 A.2d at 749–50. However, in the case at bar, the relationship of this notary to the Nomination Petition and to the candidate is fundamentally different than those in the above-mentioned cases and compels us to find that a violation occurred.

Here, it was the candidate, himself, who notarized various circulators' affidavits for his *own* Nomination Petition. A candidate has a direct interest in his own candidacy, for which the notarization of the circulators' affidavits on the Nomination Petition is a necessity. Under Section 19(e) of the Notary Public Law we look at the transaction, as a whole, to determine whether the notary had a direct interest. In notarizing the challenged circulators' affidavits, Berg was advancing his own interest in being elected as a judge of the Court of Common Pleas. Because Berg has a direct interest in the underlying transaction of filing his Nomination Petition, we conclude that Berg violated Section 19(e) of the Notary Public Law. This holding is in accord with those of other jurisdictions in which candidates named in nominating petitions who notarized their own petitions had such a direct interest in the execution as to disqualify them, rendering their petitions insufficient and invalid. *See e.g., State ex. rel. Reed v. Malrick*, 165 Ohio St. 483, 137 N.E.2d 560 (1956); *Schirmer v. Myrick*, 111 Vt. 255, 20 A.2d 125 (1940).

■ Although we conclude that Berg violated Section 19(e) because he notarized the circulators' affidavits on his own Nomination Petition, our inquiry does not end there. We must next determine whether this is a fatal defect that would cause this Court to order that Berg's name be removed from the primary election ballot.

Objector argues that Berg's notarization of the circulators' affidavits on his own Nomination Petition is a fatal defect and cannot be amended because it is as if the affidavits had not been notarized at all. Objector contends that permitting Berg to rehabilitate his Nomination Petition would

impermissibly permit Berg to file a new nomination petition, using a new notary, in an untimely manner. As such, Objector argues that this Court must strike the pages that Berg notarized himself, and therefore, an insufficient number of signatures remain on his Nomination Petition. Accordingly, Objector contends that Berg should be declared ineligible to be a candidate for Judge on the Court of Common Pleas of Montgomery County, and his name should be stricken from the primary ballot.

Berg argues that this defect is amendable pursuant to *In re Nomination Petition of Kloiber*, 26 Pa.Cmwlth. 50, 362 A.2d 484 (1976), in which this Court applied a liberal construction of the Election Code and permitted a candidate to amend affidavits that lacked the notary's seal. As such, Berg presented the Court with Substituted Affidavits of Circulators for all pages that he notarized himself, and requests that we grant him leave to amend.[4]

In *Kloiber*, the Bureau of Elections (Bureau) of the Department of State rejected a candidate's nomination petition because, although signed by the notary, the circulator's affidavit and the candidate's affidavit lacked the notary's seal. *Id.* at 485. The candidate returned to the notary, who affixed his seal on the nomination petition in the proper places. *Id.* However, the Bureau then refused to accept the nomination petition because it was untimely. *Id.* The candidate filed a petition with this Court to compel the Bureau to accept the nomination petition. *Id.* In deciding the matter, this Court stated that, although nomination petitions lacking affidavits are fatally defective, "nomination petitions with improperly completed affidavits are amendable at the discretion of the Court." *Id.* This Court determined that the affidavits had been made before an authorized notary but were improperly completed because the notary "failed to authenticate [his] acts by impressing his seal upon the affidavits." *Id.* at 486. Moreover, because the candidate acted in good faith and with due diligence, and because the notary's failure to affix the seal to the affidavits was a "technical oversight," this Court would not deprive the candidate of the right to run for office. *Id.*

*Kloiber* does not control the outcome here because the circulators' affidavits were not notarized by a notary who was authorized to do so under the Notary Public Law. Berg, although certified by this

---

4. The Substituted Affidavits of Circulators have been notarized by a disinterested notary public on either March 21, 2009 or March 23, 2009. The language of the Substituted Affidavits of Circulators provides, in pertinent part, as follows:

I so swear (or affirm) that I am a qualified elector of the judicial district referred to in this petition, duly registered; that my residence is as set forth below; that the signers to the foregoing petition signed the same with full knowledge of the contents thereof; that their respective residences are correctly stated therein; that each signed on the date set opposite his or her name; that to the best of my knowledge and belief; the signers are qualified electors, duly registered and enrolled members of the political party of the judicial district referred to

in this petition, and that they are residents in the County specified in number one [actually two].

I further swear (or affirm) that I previously signed an Affidavit to the same page [Page # ——] of the Nominating Petition of Philip J. Berg that was notarized by Philip J. Berg on March 9, 2009 [copy attached hereto as Exhibit "A"]

I further swear (or affirm) that today, I am appearing before another Notary Public and signing this Substituted Affidavit of Circulator to the Nominating Petition of Philip J. Berg to Page [——] with [ ] signatures of electors thereon.

(Substituted Affidavits of Circulators, filed March 25, 2009.) The deadline for timely filing the Nomination Petition was March 9, 2009.

Commonwealth to act as a notary, was without authority to act in that capacity because the transaction being notarized was his own Nomination Petition, in which he has a direct interest. As such, we agree with Objector that since the notary had no authority to notarize the Nomination Petition, his act was a nullity, and it is as if the circulators' affidavits had not been notarized at all. This Court has stated that failure to make an affidavit before a notary is not a mere technical oversight which is amendable but, rather, a fatal defect. *Kloiber*, 362 A.2d at 485; *see also Bolus v. Saunders*, 833 A.2d 266, 269 (Pa. Cmwlth.2003) (stating that the failure to sign an affidavit before a notary is "a defect that cannot be characterized as merely 'technical.' ") In other words, this case is not about an improperly completed affidavit or a technical deficiency like that in *Kloiber*. Here, there is no technical mistake that can be amended. We have a Nomination Petition in which some of its pages lack legal affidavits, a fatal defect. Furthermore, unlike in *Kloiber* where the candidate appeared before a notary public in good faith to notarize his nomination petition, Berg did not present evidence that he acted in good faith and with due diligence when he notarized the circulators' affidavits on his own Nomination Petition. Moreover, it would be difficult to conclude that Berg acted with due diligence because, when Berg took the oath of office as a notary public, he was legally charged with knowing the requirements of acting as a notary under the Notary Public Law. Accordingly, we must deny Berg's request to amend the challenged circulators' affidavits.

Because the circulators' affidavits on pages 3, 6, 7, 8, 9, 10, 11, 13, 14, 15 and 16 are fatally defective, this Court must strike one-hundred twenty-one (121) signatures found on the above-referenced pages, which leaves an insufficient number of sig-natures on the Nomination Petition as required by Section 912.1(18) of the Election Code. Accordingly, we grant Objector's Petition to Set Aside and order the Secretary of the Commonwealth to remove Berg's name from the 2009 primary election ballot as a Republican candidate for Judge of the Court of Common Pleas of Montgomery County, Pennsylvania.

## *O R D E R*

**NOW,** April 1, 2009, after a hearing held March 25, 2009 on the Petition to Set Aside the Nomination Petition of Philip J. Berg filed by Brian Miles, said Petition to Set Aside is hereby **granted** because the Nomination Petition does not contain at least 250 valid signatures as required by Section 912.1(18) of the Election Code, 25 P.S. § 2872.1(18).

The Chief Clerk of the Commonwealth Court is directed to notify all parties and counsel of record of the entry of this order and shall certify a copy hereof to the Secretary of the Commonwealth, who is directed to remove the name of Philip J. Berg from the 2009 primary election ballot as a Republican candidate for Judge of the Court of Common Pleas of Montgomery County, Pennsylvania.

The cost of the stenographer shall be shared by both parties and each party shall bear his own costs.